UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION

**00-6188**

CASE NO.

Magistrate Judge _____

RUPARI FOOD SERVICES, INC., a
Florida corporation,

    Plaintiff,

vs.

SPARTA FOODS, INC., a Minnesota
corporation,

    Defendant .

_____/

MAGISTRATE JUDGE
JOHNSON

**PETITION FOR REMOVAL**

COMES NOW Petitioner, SPARTA FOODS, INC. (Hereinafter referred to as "SPARTA"), and files this Petition for Removal and would show to this Court as follows:

1.    The above-captioned action was commenced in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida, bearing Case No. 00-000393 (21), on or about January 10, 2000, and is now pending in State Court.

2.    The Complaint seeks damages for an alleged breach of warranty and fraud.

3.    Petitioner is the defendant in the above-captioned matter.

4.    Petitioner was and is a corporation organized and existing under the laws of the State of Minnesota with its principal place of business in Minnesota.

5.    Plaintiff in the underlying action, Rupari Food Services, Inc., was and is a Florida corporation with its principal place of business in Broward County, Florida.

MARLOW, CONNELL, VALERIUS, ABRAMS, ADLER & NEWMAN

CASE NO: _____

6.    There is complete diversity of citizenship between the parties.

7.    The alleged amount in controversy is far in excess of $75,000.00, plus interest and expenses.

8.    The action arises out of the alleged breach of a supply contract, a copy of which is attached hereto as Exhibit "A".

9.    In the United States District Court for the District of Minnesota, a lawsuit has been filed by Defendant herein, SPARTA, arising out the same contract with the same parties.  Federal jurisdiction in that case is based on Federal diversity jurisdiction.  A copy of the Complaint in the United States District Court case is attached hereto as Exhibit "B".

10.   RUPARI's Complaint in the underlying State Court action is what would amount to a Counterclaim arising out of the United States District Court Minnesota case.

11.   As a result of the contract in controversy, there is clearly sufficient record evidence to establish that the amount in controversy is in excess of $75,000.00.

12.   Petitioner was served with this Complaint on January 12, 2000.  More than 30 days have not elapsed since this action became removable to this Court.

13.   This action is one in which the United States District Court was given original jurisdiction pursuant to 28 U.S.C. §1332(a).  Attached hereto as Exhibit "C" are copies of all the papers filed in the State Court action to date as follows:

2

MARLOW, CONNELL, VALERIUS, ABRAMS, ADLER & NEWMAN

CASE NO: _____

A.    Notice of Service of Process;

B.    Summons;

C.    Complaint;

D.    Motion to Dismiss.

WHEREFORE, the Petitioner SPARTA FOODS, INC., respectfully requests this Court to accept jurisdiction so the parties may proceed in accordance with the applicable Federal Rules of Civil Procedure and substantive law.

Respectfully submitted,

MARLOW, CONNELL, VALERIUS
ABRAMS, ADLER & NEWMAN
2950 Southwest 27th Ave. Ste. 200
Post Office Box 339075
Miami, Florida 33233-9075
Direct Line: (305) 460-6537
Attorneys for Sparta Foods, Inc.

By:_____

**MICHAEL C. ROTUNNO**
**Fla. Bar No.: 0861979**

3

MARLOW, CONNELL, VALERIUS, ABRAMS, ADLER & NEWMAN

CASE NO: _____

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was served on February 4, 2000 to:

SHELDON J. BURNETT
367 Alhambra Circle
Coral Gables, Florida  33134
(305) 443-2111

MARLOW, CONNELL, VALERIUS
 ABRAMS, ADLER & NEWMAN
2950 Southwest 27th Ave. Ste. 200
Post Office Box 339075
Miami, Florida 33233-9075
Direct Line: (305) 460-6537
Attorneys for Sparta Foods, Inc.

By:_____
       **MICHAEL C. ROTUNNO**
       **Fla. Bar No.: 0861979**

I :\VALERIUS\Rupari Food\Pleadings\Federal Court\Petition-Remov.01\bl

4

MARLOW,  CONNELL, VALERIUS,  ABRAMS,  ADLER  &  NEWMAN

COPY

# SUPPLY AGREEMENT

**EFFECTIVE DATE:** January 14, 1999

**PARTIES:**     Sparta Foods, Inc.
1565 First Avenue Northwest
New Brighton, MN 55112                              ("Sparta")

Rupari Food Services, Inc.
1208 West Newport Center Drive, Suite 100
Deerfield Beach, FL 33442                          ("Rupari")

**RECITALS:**

A.     Sparta manufactures and sells Mexican and other food products under its own trademarks and brand names and also manufactures food products for other food companies.

B.     Sparta is willing to supply such products for Rupari on the terms and subject to the conditions of this Agreement.

**AGREEMENT:**

In consideration of the mutual promises set forth herein and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the parties agree as follows:

1.     <u>Supply of Products</u>.

1.1.     <u>Specifications</u>. Sparta agrees to supply the products identified on Exhibit A attached hereto (the "Products") at Sparta's manufacturing facilities pursuant to the terms and conditions of this Agreement. Sparta agrees to manufacture the Products in accordance with the written specifications provided by Sparta in writing to Rupari (the "Specifications"). Sparta agrees to provide Rupari with thirty (30) days prior written notice of any proposed changes to the Specifications. Such proposed changes to the Specifications shall be subject to Rupari's approval, which approval shall not be unreasonably withheld or delayed. Rupari acknowledges that the recipes for the Products and manufacturing methods used for manufacturing of the Products have been developed by and are owned by Sparta and/or its subcontractor manufacturers.

1.2.     <u>Quality Control</u>. Sparta agrees to maintain records of production runs of Product manufactured for a period of two (2) years after such manufacture.



ATTACHMENT / EXHIBIT A

- 1 -

2.    Packaging and Inventory.

    2.1.    Package Design.  Sparta shall package the Products using the packaging design furnished by Sparta and the trademark designated by Rupari ("Rupari Trademark").  Rupari shall have the right to approve the final packaging design including the Rupari Trademark, which approval shall not be unreasonably withheld or delayed. Rupari shall be entirely responsible for the development and cost of the packaging design. If Rupari requests any changes to the packaging design or the type of packaging material used for the Products, Sparta shall not be required to ship Products utilizing such new design and/or packaging material until it is actually available to Sparta in quantities necessary to economically package the Product and the parties have agreed upon the adjustment, if any, to the purchase price of the Product due to such requested change in the packaging design and/or packaging material.

    2.2.    Packaging Materials.  Sparta will order packaging for the Products from its suppliers according to the minimum order requirements of such suppliers.  The price of such packaging is included in the purchase price of the Products.  Rupari shall pay Sparta Sparta's actual cost for any extra charges or assessments incurred by Sparta for less-than-minimum or other non-standard size packaging orders required by Rupari. Upon termination of this Agreement for whatever reason, Rupari shall pay to Sparta Sparta's actual cost for any Product packaging in Sparta's inventory.  In addition, Rupari shall pay Sparta for any Product packaging purchased by Sparta if such packaging becomes obsolete because it is discontinued by Rupari for any reason.

    3.    Exclusivity.  During the term of this Agreement, Rupari agrees not to manufacture, or permit any person other than Sparta to manufacture for Rupari or any affiliate of Rupari for resale, any Product or any other chip and cheese or chip and salsa combination product.  During the term of this Agreement, Sparta shall be permitted to manufacture and sell the Product to the customers (the "Customers") identified on Exhibit B attached hereto, as amended from time to time by mutual written agreement of the parties, at the prices set forth on Exhibit A (the "Customer Price").  For each sale to a Customer, Sparta shall pay Rupari fifty percent (50%) of the excess of the Net Customer Price over the price for the Product as sold to Rupari and set forth on Exhibit A.  The "Net Customer Price" shall equal the Customer Price less associated expenses for brokers' commissions, freight, promotional allowances and rebates and less deductions for returned or damaged goods.

    4.    Purchase of Products.

    4.1.    Forecasts.  Upon execution of this Agreement, Rupari shall provide Sparta with a twelve (12) month rolling forecast of the anticipated purchase orders for each of the Products.  Rupari agrees to update such rolling forecast on a monthly basis.  Such forecasts shall be provided in good faith but shall not be legally binding on either party.

4.2.   Placement of Orders.  Rupari shall place its orders for the Products by delivery by mail or by fax of a written purchase order to Sparta or by such other method as approved by Sparta from time to time.  The initial purchase order shall be for at least 2,000,000 packages (166,667 cases).  Such purchase orders must identify the Product to be manufactured, the quantity and package size thereof, the shipping location and shipping instructions, requested delivery dates and such other information as Sparta may reasonably request from time to time.  Rupari may cancel or modify a purchase order submitted to Sparta only with Sparta's prior written consent; provided, however, no consent is needed if such cancellation or modification is delivered to Sparta prior to Sparta's acceptance of such order.  Orders will be deemed accepted if Sparta does not given Rupari written notice of rejection of an order within three (3) business days after receipt of the written order.  Rupari may not return Product unless it receives prior written consent of Sparta.  Return of defective Product, however, shall be governed by the provisions of Section 7.2.  Notwithstanding the above, Sparta agrees to use commercially reasonable efforts to supply all Products ordered by Rupari within a commercially reasonable time.

*Not done*

4.3.   Terms of Orders.  The terms and conditions in this Agreement shall be the exclusive contract terms between the parties and Rupari's purchase of the Products.  Sparta objects to any terms set forth in Rupari's orders for the Products which are different from or additional to the provisions of this Agreement, and no such terms shall be binding upon Sparta unless both parties specifically agree thereto in a separate writing.

5.   Price and Payment.

5.1.   Price.  The price for the Products are specified on Exhibit A attached hereto and are FOB Sparta's location.  Sparta may change such prices by delivery of thirty (30) days prior written notice to Rupari.  Any such price increases shall be based upon actual increase in Sparta's costs associated with the Products, including, without limitation, cost of ingredients, packaging, labor and overhead allocation.  Sparta shall provide to Rupari, upon request, reasonable documentation showing its calculations of and supporting information for any such price change.  Rupari shall pay any and all taxes, fees, duties or other governmental charges and all shipping and shipping insurance charges relating to the ordered Products.

5.2.   Payment.  Rupari shall pay Sparta for any Products ordered directly by Rupari within ten (10) days after the date of invoice. If Rupari fails to make any payment for Product ordered by it when due, and such nonpayment continues for a period of five (5) days after delivery of written notice by Sparta regarding such nonpayment, Sparta shall have the right to require Rupari to pay all purchase orders for the Product in

advance, by COD, by letter of credit or by any other means upon notifying Rupari of the change in credit terms.

      5.3.   Late Fees and Collection Costs.  Any amounts not paid by Rupari when due will be subject to a late payment fee computed daily at a rate equal to the lesser of twelve percent (12%) per annum or the highest rate permitted under applicable usury law. In addition, Rupari shall be liable to Sparta for all costs incurred by Sparta in its collection of any amounts owing by Rupari which are not paid when due, including, without limitation, collection agency fees or reasonable attorneys' fees and expenses.

6.     Delivery and Inspection.

      6.1.   Delivery.  Sparta will deliver the Products using the carrier designated in the purchase order, or if not so designated, by a carrier selected by Sparta.  Title to and all risk of loss regarding the Products shall pass to Rupari when Sparta delivers the Products to such common carrier for shipment to the location designated in the purchase order.

      6.2.   Inspection.  Rupari or its customer, if a Product is shipped directly to the customer, shall inspect all Products promptly upon receipt and either Rupari or the customer shall notify Sparta within seven (7) working days after receipt of any shortages, damages or other non-conformance of the shipped Products which is discoverable upon a visual inspection.  After such time period, Sparta shall not be liable for any non-conformance of the Products which Rupari and/or its customer could reasonably have discovered within such time period, excepting for breach of warranty claims.

7.     Warranties; Indemnification; Insurance.

      7.1.   By Rupari.  Rupari represents and warrants that it has full right and title to the Rupari Trademark and the package design and agrees that Sparta shall have no liability to Rupari or to any third party for packaging the Products using the Rupari Trademark and the package design supplied by Rupari.  Rupari agrees to indemnify and hold Sparta harmless from and against any and all claims (including, without limitation, infringement claims), liabilities, damages, costs and expenses (including reasonable attorneys' fees and legal expenses) which Sparta may suffer or incur relating to or arising out of, directly or indirectly, (i) use of the Rupari Trademark and/or the package design supplied by Rupari for the Products, (ii) use or consumption of any of the Products to the extent arising from any negligent or intentional act or omission of Rupari.

      7.2.   By Sparta.  Sparta warrants to Rupari that the Products sold under this Agreement shall be manufactured in accordance with the Specifications and shall be merchantable in accordance with FDA standards at the time and point of delivery.  The exclusive remedy for breach of such warranty shall be, at Sparta's option, to either (i)

replace the defective Product or (ii) refund the purchase price of the defective Product paid by Rupari. Rupari shall promptly notify Sparta in writing of any alleged breaches of this warranty. Rupari shall not return to Sparta any alleged defective Product, or take any credits against its Product invoices for such alleged defective product, without the prior written authorization of Sparta. EXCEPT AS EXPRESSLY PROVIDED ABOVE, SPARTA MAKES NO REPRESENTATION OR WARRANTY OF ANY KIND, EXPRESS OR IMPLIED, WITH RESPECT TO THE PRODUCTS, WHETHER AS TO MERCHANTABILITY, FITNESS FOR A PARTICULAR PURPOSE, NONINFRINGEMENT, WARRANTIES ARISING FROM COURSE OR DEALING OR ANY OTHER MATTER. No employee or representative of Sparta shall have any authority to bind Sparta to any warranty or representation except as expressly stated above. Rupari shall be exclusively responsible for any warranty or representation which Rupari makes to any customer. Notwithstanding the above disclaimers, Sparta agrees to indemnify and hold Rupari harmless from and against any and all third party claims (including, without limitation, infringement claims) and any liabilities, damages, costs and expenses (including reasonable attorneys' fees and legal expenses) resulting therefrom which Rupari may suffer or incur relating to or arising out of, directly or indirectly, (i) use of the Specifications supplied by Sparta for the Products, or (ii) use or consumption of any of the Products to the extent arising from (A) a breach of the above warranty or (B) any other manufacturing defect in the Product or any negligent or intentional act or omissions of Sparta or its employees. Nothing in this paragraph shall be interpreted to limit Sparta's liability as manufacturer of the Products to third party consumers.

7.3.    Insurance. Sparta shall maintain products liability insurance covering the Products in a minimum amount of Two Million Dollars ($2,000,000). Sparta shall provide Rupari with insurance certificates evidencing such insurance coverage at the request of Rupari. Rupari shall be named as loss payee and additional insured under such policies.

8.    Independent Contractor Rupari is and shall remain an independent contractor. Neither this Agreement nor the relationship between the parties constitutes a partnership, franchise or joint venture between Sparta and Rupari. Neither party shall have any authority or right under any circumstances whatsoever to bind or purport to bind the other party in any manner or thing whatsoever.

9.    Confidentiality.

9.1.    Definition. The term "Confidential Information" as used in this Agreement means any information or compilation of information which is proprietary to one of the parties to this Agreement and relates to such party's existing or reasonably foreseeable business, including, without limitation, trade secrets, the Specifications,

information relating to products of the disclosing party, manufacturing techniques, recipes, data, marketing strategies, product development, customer information and any other information about the disclosing party's business which is normally considered confidential or which is indicated in writing to be confidential or trade secret. Confidential Information shall not include any information:

      i.     which is part of the public domain or becomes part of the public domain through no fault of the receiving party; or

      ii.     which was already in the receiving party's possession, as evidenced by written documentation, prior to the disclosure of such information to the receiving party by the disclosing party; or

      iii.     which is subsequently disclosed to the receiving party on a non-confidential basis by a third party who is not under any obligation of confidentiality relating to such disclosed information; or

      iv.     which is specifically authorized by the disclosing party, in writing, to be disclosed; or

      v.     which is required to be disclosed by applicable law or order of a court of competent jurisdiction in which case the receiving party agrees to notify the disclosing party of such requirement and to cooperate with the disclosing party in an effort to narrow or avoid disclosure.

      9.2.   <u>Nondisclosure</u>. During the term of this Agreement and at all times thereafter, the receiving party agrees to hold in strictest of confidence and to never disclose, transfer, convey, make assessable to any person or use in any way Confidential Information of the disclosing party for its own or another's benefit or permit the same to be used in competition with the disclosing party. Rupari agrees to disclose the Specifications to its employees only on a "need to know" basis. Upon the request of Sparta, Rupari shall require its employees who are given access to the Specifications to execute confidentiality agreements regarding the Specifications. Each party agrees to take reasonable precautions to prevent its employees, representatives, agents and others from disclosing or appropriating for their own use any and all of the Confidential Information of the other party.

      10.   <u>Term and Termination</u>. This Agreement shall begin on the date inserted on the front page hereof and shall continue for five (5) years or unless terminated earlier in any manner provided below:

10.1.   Either party may terminate this Agreement if the other party commits a breach of this Agreement and fails to remedy such breach within thirty (30) days after delivery of written notice from the non-breaching party describing the alleged breach.

10.2.   Either party may terminate this Agreement effective immediately upon delivery of written notice to the other party, if the other party (i) is unable to pay its debts as they mature or admits in writing its inability to pay its debts as they mature, (ii) makes a general assignment for the benefit of creditors, (iii) files a voluntary petition for bankruptcy or has filed against it an involuntary petition for bankruptcy, or (iv) applies for the appointment of a receiver or trustee for substantially all of its assets or permits the assignment of any such receiver or trustee who is not discharged within a period of thirty (30) days after such appointment.

11.   Effect of Termination.

11.1.   Return of Confidential Information.  Upon termination of this Agreement, each party shall, within ten (10) days after the termination of this Agreement (or such earlier time as request by the other party), return to the other party all copies of materials and documents or copies thereof containing any Confidential Information of the other party.

11.2.   Payment Obligations.  Upon termination or expiration of this Agreement:

i.   Rupari shall pay Sparta Sparta's actual cost for any Product packaging in Sparta's inventory as provided in Section 2.2 above.

ii.   If the total of cases of Product purchased by Rupari and sold by Sparta to Customers prior to the effective date of termination or expiration of this Agreement is less than Seven Hundred Eight One Thousand (781,000) cases of Product, Rupari shall pay Sparta Two and 40/100 Dollars ($2.40) times the shortfall (i.e. calculated by taking 781,000 minus (the number of cases purchased by Rupari from Sparta plus the number of cases of Product sold by Sparta to Customers).  Such amount shall be payable by Rupari within ten (10) business days after the effective date of termination or expiration.

iii.   Rupari shall also pay Sparta for all Product ordered by Rupari prior to the effective date of termination or expiration and delivered by Sparta in accordance with the payment terms set forth in Section 5.2.

11.3.   Surviving Obligations.  Any provisions contained in this Agreement which by their terms are intended to continue after termination or expiration of this Agreement

- 7 -

shall survive such termination or expiration, including, without limitation, the provisions of Sections 5, 7, 9, 11, 12 and 13.

12.    General Provisions.

12.1.    Nonassignment; Binding Nature.  Neither party shall transfer or assign any of its rights or obligations under this Agreement without the other party's prior written consent, except as part of a merger or to a successor who purchases a controlling interest in the stock of the party or purchases substantially all of the assets of the party.  Subject to the foregoing, this Agreement shall be binding upon and inure to the benefit of the parties hereto and their permitted successors and assigns.  Notwithstanding the above provisions, Sparta shall have the right to sublicense the manufacturing obligations hereunder to a third party with Rupari's consent, which shall not be unreasonably withheld.  Sparta shall continue to be primarily liable for performance under this Agreement.

12.2.    Force Majeure.  No party to this Agreement will be liable to any other party or be in breach of this Agreement caused in whole or in part by any event beyond such party's reasonable control, including without limitation, acts of God, fire, war, strikes, riots, acts of any government or any agency or subdivision thereof, transportation delays, or shortage or inability to secure labor, fuel, energy, raw materials, supplies or machinery at reasonable prices from regular sources.

12.3.    Entire Agreement.  This Agreement, together with the Exhibits, contains the entire contract between the parties as to the subject matter hereof and supersedes any prior or contemporaneous written or oral agreements between the parties with respect to the subject matter hereof.

12.4.    Modifications and Waivers.  No purported amendment, modification or waiver of any provision of this Agreement shall be binding unless set forth in a written document signed by all parties (in the case of amendments and modifications) or by the party to be charged thereby (in the case of waivers).  Any waiver shall be limited to the circumstance or event specifically referenced in the written waiver document and shall not be deemed a waiver of any other term or provision of this Agreement or of the same circumstance or event upon any recurrence thereof.

12.5.    Notices.  Any notice required or permitted to be given under this Agreement shall be in writing and shall be deemed to have been duly delivered (i) when received if delivered by hand, (ii) the next business day if placed with a reputable overnight carrier for delivery on the morning of the next business day or (iii) four (4) business days after deposit, if placed in the mail for delivery by registered or certified mail, return receipt requested, postage pre-paid, and addressed to the appropriate party at

the addresses set forth on the first page hereof. All notices to Sparta should be addressed to the attention of the Chief Financial Officer. All notices to Rupari should be addressed to the attention of Robert Mintz. If either party should change its address, such party shall give written notice of the other party of the new address in the manner set forth above, but any such notice shall not be effective until received by the addressee.

12.6.   Severability. In the event that any provision, or portion thereof, is held to be unenforceable by final order of any court of competent jurisdiction, such provision, or portion thereof, shall be severed herefrom without effecting the validity or enforceability of the remaining provisions.

12.7.   Governing Law. This Agreement shall be governed by and construed in accordance with the laws of the State of Minnesota, without application of its conflict of laws provisions.

13.   Dispute Resolution.

13.1.   Sparta and Rupari have entered into this Agreement in good faith and in the belief that it is mutually advantageous to them. It is with that same spirit of cooperation that these parties pledge to attempt to resolve any dispute amicably, without the necessity of litigation. Accordingly, the parties agree that if any dispute ("Dispute") arises between them concerning this Agreement, other than an action to enjoin the unauthorized disclosure of confidential or proprietary information, the parties will make a good faith attempt to resolve the Dispute by alternative dispute resolution (ADR) prior to commencing any legal action to interpret or enforce this Agreement. The ADR procedures set forth in this Article 13 apply strictly to disputes arising directly out of each party's obligations set forth in this Agreement.

13.2.   Without limiting the scope or method of ADR to be employed by subsequent mutual agreement, the parties agree and commit to the following efforts at a minimum:

i.   The party seeking to initiate the ADR (the "Initiating Party") shall give written notice to the other party or parties involved in the dispute. The notice must describe in general terms the nature of the Dispute and the Initiating Party's claim for relief and identifying one or more individuals with authority to settle the Dispute on such party's behalf. The party receiving such notice (the "Responding Party") shall have ten (10) days within which to designate one or more individuals with authority to settle the Dispute on such Party's behalf. (The individuals so designated shall be known as the "Authorized Individuals").

- 9 -

ii.    The Authorized Individuals shall meet promptly, but in no event later than thirty (30) days from the date of the Notice of Dispute. If the Dispute has not been resolved within thirty (30) days from the date of their initial meeting, the Initiating Party or Responding Party may request that ADR be ended in which case the parties may then pursue available legal remedies.

iii.    ADR attempts under this Agreement are considered a compromise negotiation for purposes of the Federal and State Rules of Evidence and shall constitute privileged communication. The entire ADR process is confidential and no stenographic, visual or audio record will be made.

13.3.    All conduct, statements, promises offers, views and opinions, whether oral or written, made in the course of the ADR process by any party, by their agents, employees, representatives or other invitees and by the mediator are confidential and shall, in addition and where appropriate, be deemed to be privileged. Such conducts, statements, promises, offers, views and opinions shall not be discoverable or admissible for any purposes including impeachment, in any litigation or other proceeding involving the parties, and shall not be disclosed to anyone not an agent, employee, expert, witness or representative of any of the parties; provided, however, that evidence otherwise discoverable or admissible shall not be excluded from discovery or admission as a result of its use in the mediation.

The parties have executed this Agreement, in the manner appropriate to each, to be effective as of the date on the first page hereof.

SPARTA FOODS, INC.                    RUPARI FOOD SERVICE, INC.

By _____          By _____
Its _____         Its _____

2215457-6
(1bhgh06!.doc

- 10 -

Exhibit A
Products/Prices

For sales of Products to Rupari:

| Item Number | Packs/Case | Description | FOB Price/Case |
|---|---|---|---|
| 00125 | 12 packages/case | Banditos chips/cheese package | $10.08 |
| 00135 | 12 packages/case | Banditos chips/salsa package | $10.08 |

For sales of Products to Customers:

| Item Number | Packs/Case | Description | FOB Price/Case |
|---|---|---|---|
| 00125 | 12 packages/case | Banditos chips/cheese package | $19.08 |
| 00135 | 12 packages/case | Banditos chips/salsa package | $19.08 |

- 11 -

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM)

## I (a) PLAINTIFFS
Sparta Foods, Inc.

## DEFENDANTS
Rupari Food Services, Inc.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Hennepin, Minnesota
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

David D. Meyer
Fredrikson & Byron, P.A.
1100 International Centre
900 Second Avenue S.
Minneapolis,MN 55402
(612) 347-7056

Steven J. Quam
Fredrikson & Byron, P.A.
1100 International Centre
900 Second Avenue S.
Minneapolis,MN 55402
(612) 347-7183

ATTORNEYS (IF KNOWN)    **See Reverse Side for Additional Information**

Sheldon Burnett
367 Alhamer Circle
Coral Gables, Fl 33134
(305) 443-2111

## II. BASIS OF JURISDICTION (PLACE AN X IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Items III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN X IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury - Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Law Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL INJURY** | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/Exchange |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☒ 190 Other Contract | | | | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| | | | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | | | |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

This is a diversity action brought pursuant to 28 USC 1332. Plaintiff alleges that Defendant breached a Supply Agreement by failing to order and pay for amounts of product specified by the Agreement. Plaintiff alleges that it has suffered damages in excess of two million dollars as a result of Defendnat's conduct.

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:  ☒ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY
(See instructions):    JUDGE _____    DOCKET NUMBER _____

DATE  12/22/99

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

**ATTACHMENT / EXHIBIT** B

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MINNESOTA

Sparta Foods, Inc.,

           Plaintiff,

Court File No. __99-CV-2041__ MJD/JGL

v.

**SUMMONS**

Rupari Food Services, Inc.,

           Defendant.

TO:    DEFENDANT ABOVE NAMED, 1565 FIRST AVENUE NORTHWEST, NEW BRIGHTON, MINNESOTA 55112:

    YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon David D. Meyer and Steven J. Quam, Fredrikson & Byron, P.A., 1100 International Centre, 900 Second Avenue South, Minneapolis, Minnesota 55402, an Answer to the Complaint which is herewith served upon you, within twenty (20) days after service of this Summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the Complaint.

| Francis E. Dosal | December 22, 1999 |
|---|---|
| CLERK | DATE |

BY DEPUTY CLERK       G. Schneider

FILED JAN 0 4 2000
FRANCIS E. DOSAL, CLERK
JUDGMENT ENTD _____
DEPUTY CLERK _____

District of Minnesota

Case Number: 99 CV-2041MJD/JGL

JAN 0 4 2000
CL

Plaintiff:
**Sparta Foods, Inc.**

vs.

Defendant:
**Rupari Food Services, Inc.**

For:
Metro Legal Services
330 2nd Ave.S
Suite 150
Minneapolis MN 55401-2217

Received by Palm Beach Process, Inc. on the 23rd day of December, 1999 at 12:13 pm to be served on
**RUPARI FOOD SERVICE INC. - 1208 W. Newport Center Drive, #100, Deerfield Beach, FL.**

I, Andrea Harris, being duly sworn, depose and say that on the 27th day of December, 1999 at 10:31 am, I:

**Substitute Served** by leaving a true copy of this Summons and Complaint (Demand for Jury Trial) with
the date and hour of service endorsed thereon by me, at the within named person's usual place of business, to
a person employed therein to wit: Robert Mintz as President and informing said person of the contents thereof.

I am over the age of 18 and have no interest in the above action.

Andrea Harris
Process Server

Palm Beach Process, Inc.
**5154 Okeechobee Blvd.**
**Suite 111**
**West Palm Beach, FL  33417**
**(561) 655-7571**
Our Job Serial Number: 1999000627

Subscribed and Sworn to before me on the 27th
day of December, 1999 by the affiant who is
personally known to me.

NOTARY PUBLIC

William A. Miller, Jr.
Commission # CC 823564
Expires Apr. 4, 2003
Bonded Thru
Atlantic Bonding Co., Inc.

Copyright © 1992-1999 Database Services, Inc. - Process Server's Toolbox V5.3b

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MINNESOTA

Sparta Foods, Inc.,

               Plaintiff,

v.

Rupari Food Services, Inc.,

               Defendant.

Court File No. _____.____

**COMPLAINT**

**(Demand for Jury Trial)**

Plaintiff Sparta Foods, Inc. ("Sparta"), as and for its Complaint against Defendant Rupari Food Services, Inc. ("Rupari"), states and alleges as follows:

## INTRODUCTION

1.      The jurisdiction of this Court is based upon the complete diversity of citizenship of the parties and 28 USC §1332. The matter in controversy exceeds $75,000, exclusive of interest and costs. Venue lies in this district under 28 USC §1391(a).

## PARTIES

2.      Sparta is a corporation organized and existing under the laws of the State of Minnesota, having its principal place of business at 1565 First Avenue Northwest, New Brighton, Minnesota 55112.

3.      Upon information and belief, Rupari is a corporation organized and existing under the laws of the State of Florida. Rupari's principal place of business is located at 1208 West Newport Center Drive, Suite 100, Deerfield Beach, Florida 33442. Rupari is therefore a citizen of the State of Florida.

## BACKGROUND

4.     Sparta manufactures and sells Mexican and other food products under its own trademarks and brand names. Sparta also manufactures food products for other food companies.

5.     On or about January 14, 1999, Sparta and Rupari entered into a Supply Agreement ("Agreement").

6.     Pursuant to the terms of the Agreement, Sparta agreed to supply certain products for Rupari.

7.     Pursuant to the terms of the Agreement, Rupari agreed that it would make an initial purchase order of least two million packages (166,667 cases) of the products that were the subject of the Agreement.

8.     In anticipation of the initial Rupari order that was required by the Agreement, Sparta purchased packaging and raw materials. Sparta took additional steps and made additional expenditures to ensure that its manufacturing capacity was sufficient to meet its obligations under the Agreement.

9.     Pursuant to the terms of the Agreement, Rupari agreed to pay Sparta for any products ordered by Rupari within 10 days after the date of the invoice.

10.     Rupari failed, as part of its initial purchase order, to order two million packages (166,667 cases) of product from Sparta.

11.     Rupari has ordered some product from Sparta. Sparta has sent invoices to Rupari for the product ordered and delivered. Rupari has not made payment in full on those invoices, and currently owes Sparta approximately $133,000 for product delivered.

2

12.     Under the terms of the Agreement, Rupari is required to pay Sparta interest in the highest amount permitted by the applicable law, and any costs that Sparta may incur in connection with Sparta's efforts to collect amounts owed by Rupari.

13.     Under the terms of the Agreement, either party may terminate the Agreement if the other party committed a breach of the Agreement, and the breaching party fails to remedy the breach within 30 days after the delivery of written notice from the non-breaching party to the breaching party.

14.     On November 18, 1998, Sparta notified Rupari that Rupari had breached the Agreement by failing to pay the invoices within 10 days, and by failing to make the initial order required by the Agreement. The notice indicated that Rupari had 30 days to cure the breaches. Rupari did not cure its breaches within 30 days.

15.     On December 21, 1999, Sparta terminated the Agreement.

16.     Under the terms of the Agreement, upon the termination of the Agreement, Rupari is required to pay Sparta's actual costs for product packaging in Sparta's inventory.

17.     Under the terms of the Agreement, upon the termination of the Agreement, if the total of the cases of product purchased by Rupari and sold by Sparta to Customers prior to the effective date of the termination was less than 781,000 cases of product, Rupari was required to pay Sparta $2.40 times the shortfall. The shortfall is calculated by taking 781,000 minus the number of cases purchased by Rupari from Sparta plus the number of cases of products sold by Sparta to Customers. As of the date of this Complaint, the shortfall is approximately 761,000.

3

<u>COUNT I</u>
(Breach of Contract)

18.    Sparta incorporates paragraphs 1 though 17 herein.

19.    Under the terms of the Agreement, Rupari was required to place an initial order of two million packages (166,667 cases) of the product.

20.    Under the terms of the Agreement, Rupari was required to pay Sparta within 10 days of after the date of the invoice.

21.    Rupari breached the Agreement by failing to make an initial order of two million packages (166,667 cases) of product, and by failing to make payment in full of the amounts invoiced.

22.    Because Rupari breached the Agreement, Sparta properly terminated the Agreement.

23.    Under the terms of the Agreement, Rupari is required to pay Spartà the cost of any product packaging that Sparta has incurred.

24.    Under the terms of the Agreement, Rupari is required to pay for all products that it has ordered from Sparta.  Rupari currently owes Sparta approximately $133,000 on the outstanding account.  Under the terms of the Agreement, Rupari is also required to pay interest on all amounts outstanding, and to pay Sparta all of the costs that Sparta incurs, including reasonably attorneys' fees and expenses, in connection with its efforts to collect any amounts owed by Rupari.

25.    Under the terms of the Agreement, upon the termination of the Agreement, Rupari is required to pay Sparta $2.40 times the amount of the shortfall noted in the contract.  The shortfall is approximately 761,356.

4

26.     As a result of Rupari's conduct, Sparta has been damaged in an amount that exceeds two million dollars.

## COUNT II
### (Quantum Meruit/Unjust Enrichment)

27.     Sparta incorporates paragraphs 1 through 26 herein.

28.     Sparta provided valuable goods and services to Rupari.

29.     Rupari accepted and benefited from Sparta's provision of the valuable goods and services.

30.     Under the circumstances, Rupari was reasonably notified that Sparta, in providing such goods and services, expected to be paid by Rupari, and it would be unjust for Rupari to retain any such benefits without payment.

31.     As a result of Rupari's conduct, Sparta is entitled to recover damages under the theories of quantum meruit and/or unjust enrichment in an amount to be proved at trial.

WHEREFORE, Sparta respectfully requests that this Court issue an Order:

1.     Entering judgment in favor of Sparta on all Counts of the Complaint;

2.     Awarding Sparta interest and its attorneys' fees; and

3.     For such other and further relief as the Court may deem just and proper.

Dated: December 22, 1999

**FREDRIKSON & BYRON, P.A.**

David D. Meyer (#72436)
Steven J. Quam (#250673)
1100 International Centre
900 Second Avenue South
Minneapolis, MN 55402
(612) 347-7000
Attorneys for Plaintiff

5

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff, Sparta Foods, Inc., hereby demands a trial by jury on all issues so triable.

Attorney for Plaintiff

JAN-12-2000  11:37                                                     6516970600                    P.02/05

SPARTA FOODS                                                                          B + RUSH
                                                                                      + FEDEX

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

# CACE

GENERAL JURISDICTION DIVISION

CASE NO.                                   00000393

RUPARI FOOD SERVICES, INC.,
a Florida corporation,

          Plaintiff,

vs.                                                     CIVIL ACTION

SPARTA FOODS, INC.,                                     SUMMONS
A Minnesota corporation,
                                        METRO PROCESS SERVICE
          Defendant.                    REC'D _____
_____/       SERVED _____
                                        DATE _____ TIME _____    **21**
THE STATE OF FLORIDA:                   PG _____

To Each Sheriff of Said State:          CERTIFIED IN THE CIRCUIT COURT OF
                                        _____ JUDICIAL CIRCUIT COURT, R _____

          **YOU ARE HEREBY COMMANDED** to serve this summons, a copy of the complaint to Defendant,
**SPARTA FOODS, INC.,** in this action by its Chief Executive Officer:

                    **Chief Executive Officer**
                    **Sparta Foods, Inc.**
                    **2670 Kasota Avenue**
                    **St. Paul, Minnesota 55108**


          Each defendant is required to serve written defenses to the complaint or petition on Petitioner
attorney, to wit:

                    SHELDON J. BURNETT
                    367 Alhambra Circle
                    Coral Gables, Florida 33134
                         (305) 443-2111

within twenty (20) days after service of this summons on that defendant, exclusive of the day of service, and
to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or
immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the
relief demanded in the complaint or petition.

                              JAN 10 2000

          DATED ON _____, 199___

                              As Clerk of Said Court

                              By: _____
                              as Deputy Clerk
                              (Court Seal)

                                        ATTACHMENT / EXHIBIT **C**

IN AND FOR BROWARD COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

-        CASE NO.

RUPARI FOOD SERVICES, INC.,                              00000393
a Florida corporation,

        Plaintiff,

                                        CIVIL ACTION
vs.
                                        SUMMONS
SPARTA FOODS, INC.,
A Minnesota corporation,

        Defendant.
_____/

THE STATE OF FLORIDA:                                    **21**

To Each Sheriff of Said State:

    YOU ARE HEREBY COMMANDED to serve this summons, a copy of the complaint to Defendant,
**SPARTA FOODS, INC.,** in this action by its **Chief Executive Officer:**

                    **Chief Executive Officer**
                    **Sparta Foods, Inc.**
                    **2570 Kasota Avenue**
                    **St. Paul, Minnesota  55108**


        Each defendant is required to serve written defenses to the complaint or petition on Petitioner
attorney, to wit:

                    SHELDON J. BURNETT
                    367 Alhambra Circle
                    Coral Gables, Florida 33134
                    (305) 443-2111

within twenty (20) days after service of this summons on that defendant, exclusive of the day of service, and
to file the original of the defenses with the Clerk of this Court either before service on Plaintiff's attorney or
immediately thereafter.  If a defendant fails to do so, a default will be entered against that defendant for the
relief demanded in the complaint or petition.

    DATED ON _____ **JAN 1 0 2000** _____, 1999


                            As Clerk of said Court

                            By:_____

                                as Deputy Clerk

                                (Court Seal)



PASHETTA BLUE

A TRUE COPY

Circuit Court Seal

IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
IN AND FOR BROWARD COUNTY, FLORIDA

CIVIL JURISDICTION DIVISION

CASE NO.                      00000393

RUPARI FOOD SERVICES, INC.,
a Florida corporation,

       Plaintiff,

vs.

SPARTA FOODS INC.,
a Minnesota corporation,

       Defendant.

_____/

## COMPLAINT FOR DAMAGES

    COMES NOW the Plaintiff, RUPARI FOOD SERVICES, INC., (hereinafter referred to as "RUPARI"), by and through its undersigned attorney, and hereby sues Defendant, SPARTA FOODS, INC., (hereinafter referred to as "SPARTA") and says:

    1.    That this is an action for damages in excess of Fifteen Thousand ($15,000.00) Dollars.

    2.    Plaintiff, RUPARI, is a food servicing company and manufacturer of a line of food products under the *Banditos* trade name and is otherwise a corporation organized and existing under the laws of the State of Florida and does conduct business in Broward County, Florida.

JAN-12-2000  11:38    >ARTA FOODS    6516970600    P.05/08

3.    Defendant, SPARTA, is a manufacturer and distributor/wholesaler of Mexican and other food products under its own trademark and brand name and is otherwise a corporation organized and existing under the laws of the State of Minnesota but has availed itself of the jurisdiction of this Court by selling and otherwise distributing its products in the State of Florida.

4.    Venue is proper in this Court as the product and breach of warranty associated with said product was sold and/or occurred in Broward County, Florida.

### COUNT I

### BREACH OF IMPLIED WARRANTY

5.    Plaintiff, RUPARI, realleges the allegations contained in Paragraphs 1 through 4 above.

6.    On or about January 14, 1999, Plaintiff, RUPARI, and Defendant, SPARTA, entered into a supply agreement wherein Defendant, SPARTA, would supply to Plaintiff food products for use by Plaintiff in its *Banditos* line of products. Said goods were intended to be resold by RUPARI and Defendant, SPARTA, was expressly notified of the specific use to which said products would be applied.

7.    Said products were sold and delivered to Plaintiff, RUPARI, in Broward County, Florida and were delivered and sold to Plaintiff with implied warranties that said goods were to be merchantable and reasonably suited for human consumption.

2

8.    Believing that said products were sound, merchantable and reasonably suited for human consumption, and relying upon said belief, Defendant, RUPARI, delivered and resold said products to its customers under its *Banditos* line of products.

9.    Unfortunately, said product[s] was returned to Plaintiff, RUPARI, by its customers after the customers discovered that a substantial portion of the product[s] was defective, damaged and/or unsound and that they had malodorous quality and were otherwise not merchantable nor suited for human consumption.  As such, the goods were returned or refused by said third party purchasers.

10.    As a direct and proximate result therefrom, Plaintiff, RUPARI, has lost profits in that product that was returned to it, lost profits and future business with its customers, lost business and profits and future sales of product[s] to new customers and has lost goodwill in its *Banditos* line of products.

11.    As a further result, Plaintiff, RUPARI, has retained the services of the undersigned attorney and has obligated itself to pay a reasonable fee for services rendered and to be rendered herein.

WHEREFORE, Plaintiff, RUPARI FOOD SERVICES, INC., demands judgment against Defendant, SPARTA FOODS, INC., for damages in excess of Fifteen Thousand ($15,000.00) Dollars, all costs of suit, attorney's fees pursuant to Section 57.105, Florida Statutes, along with such other and further relief as this Honorable Court deems just and proper as well as a trial by jury of all issues so triable.

3

## COUNT II

### FRAUD

12.     Plaintiff, RUPARI, realleges the allegations contained in Paragraphs 1 through 4 above.

13.     In order to induce Plaintiff, RUPARI, to purchase the goods at issue in this action, Defendant, SPARTA, represented to RUPARI that the goods Plaintiff offered for sale were first quality and/or Grade A quality.

14.     Defendant, SPARTA, knew that the goods were not of such quality (i.e., first quality and/or Grade A quality) but did not disclose this fact to Plaintiff, RUPARI.

15.     Plaintiff, RUPARI, having relied upon Defendant's representation that the goods were first quality, purchased said goods and resold said goods to its customers only to have said goods returned to it by its customers for lack of quality.

16.     As a direct and proximate result therefrom, Plaintiff, RUPARI, has been damaged to the extent of its loss of profits, future loss of profits and loss of goodwill in its *Banditos* line of products.

17.     As a further result, Plaintiff, RUPARI, has retained the services of the undersigned attorney and has obligated itself to pay a reasonable fee for services rendered and to be rendered herein.

WHEREFORE, Plaintiff, RUPARI FOOD SERVICES, INC., demands judgment against Defendant, SPARTA FOODS, INC., for damages in excess of Fifteen Thousand ($15,000.00) Dollars, all costs of suit, attorney's fees pursuant

4

to Section 57.105, Florida Statutes along with such other and further relief as this

Honorable Court deems just and proper as well as a trial by jury of all issues so

triable.

     Dated this __7th__ day of January, 2000.

               SHELDON J. BURNETT
               Attorney for Plaintiff
               367 Alhambra Circle
               Coral Gables, Florida 33134
               Tel: (305) 443-2111
               Fax: (305) 443-2160

               Fla. Bar No. 087221

5

IN THE CIRCUIT COURT OF THE 17TH
JUDICIAL CIRCUIT IN AND FOR
BROWARD COUNTY, FLORIDA

GENERAL JURISDICTION DIVISION

CASE NO.  00-000393 (21)

Florida Bar No.  0861979

RUPARI FOOD SERVICES, INC., a
Florida corporation,

      Plaintiff,

vs.

                                **MOTION TO DISMISS**

SPARTA FOODS, INC., a Minnesota
corporation,

      Defendant .

_____/

      Defendant, SPARTA FOODS, INC.,  by and through undersigned counsel files this

Motion to Dismiss the Plaintiff's Complaint for Damages and as grounds, would allege as

follows:

    1.      Defendant's Complaint is a two Count Complaint allegedly arising out of

           contractual obligations between the parties herein.

    2.      Plaintiff has failed to attach a copy of the subject contract in violation of the

           Florida Rules of Civil Procedure, Rule 1.130(a).

    3.      As a result, Plaintiff's Complaint should be dismissed.

    4.      In the United States District Court for the District of Minnesota, a civil action

           has been filed by Sparta Food, Inc., arising out the identical contractual

           relationship.

    5.      The Plaintiff's Complaint in this Court should be brought in the United States

           District Court for the District of Minnesota as a Counterclaim.

MARLOW, CONNELL, VALERIUS, ABRAMS, ADLER & NEWMAN

Case No. 00-000393 (21)

6.  Because the United States District Court for the District of Minnesota currently has the identical parties with the identical issues pending before it and because the action in the United States District for the District of Minnesota was filed prior to the filing in this Court, this Court should dismiss the Plaintiff's Complaint, leaving Plaintiff to file this action as a Counterclaim in the District Court case.

7.  As a result, Plaintiff's Complaint should be dismissed.

8.  Count I of Plaintiff's Complaint allegedly sounds in breach of implied warranty.

9.  In Paragraph 10 of the Plaintiff's Complaint, Plaintiff attempts to pray for relief sounding in lost profits and future business.

10. Under Florida law, Plaintiff's claims for lost profits and future business in this implied warranty theory are barred.

11. Under Florida law, Plaintiff's claim for lost profits and future business in Count I are barred by the economic loss rule.

12. Count I of the Complaint should also be dismissed because Plaintiff's failure to attach a copy of the supply agreement which is the subject of this litigation results in a lack of sufficient ultimate facts pled in the Complaint to establish that an implied warranty exits; without the subject agreement, it is impossible to determine whether or not there is an express warranty barring an implied warrant and whether or not there is appropriate contractual privity to establish an implied warranty. As a result, Count I of the Complaint should be dismissed.

MARLOW, CONNELL, VALERIUS, ABRAMS, ADLER & NEWMAN

Case No. 00-000393 (21)

13.    In Count II of the Complaint, Plaintiff attempts to allege a Count for fraud.

14.    Count II should be dismissed as it fails to state a cause of action; Plaintiff's

Count for fraud is a thinly disguised claim for breach of warrant or breach of

contract.  As a result, Count II should be dismissed.

15.    In both Count I and Count II of the Complaint, Plaintiff has attempted to state

a claim for attorneys fees.  The defendant moves to strike said claims as

being inappropriate and premature.

WHEREFORE, the Defendant, SPARTA FOODS, INC., respectfully requests this

Honorable Court enter an order dismissing Plaintiff's Complaint and striking the claim for

attorneys fees.  Defendant further demands any other relief the Court deems appropriate.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed on
January 31, 2000  to:

SHELDON J. BURNETT
367 Alhambra Circle
Coral Gables, Florida  33134
(305) 443-2111

MARLOW, CONNELL, VALERIUS,
  ABRAMS, ADLER & NEWMAN
Attorneys for Defendants
Post Office Box 339075
Miami, Florida  33233-9075
Phone: (305)460-6537

By:_____
          MICHAEL C. ROTUNNO

I:\VALERIUS\Rupari Food\Pleadings\m-dismiss.01\bl

MARLOW, CONNELL, VALERIUS, ABRAMS, ADLER & NEWMAN

JS 44
(Rev. 07/86)

# CIVIL COVER SHEET

# 00-6188

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I (a) PLAINTIFFS

Runari Food Services, Inc.

## DEFENDANTS

Sparta Foods, Inc.

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Broward, FL
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT  Hennepin, Minn.
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

A. Broward 00-CV-6188/WPD/RJ

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Sheldon Burnett, Esq.
367 Alhambra Circle
Coral Gables, FL
(305) 443-2111

ATTORNEYS (IF KNOWN)

Thomas F. Valerius, Esq.
Marlow, Connell, et al
2950 S.W. 27th Ave., #200
Miami, FL  33133   (305) 446-0500

## II. BASIS OF JURISDICTION (PLACE AN × IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government Defendant

☒ 4 Diversity
(Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN × IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☒ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Jurisdiction: 28 U.S.C. Section 1332 (a)  Diversity action removed to Federal Court.
Case 1) Breach of Warranty and Fraud Claim arising out of food supply agreement.

## V. NATURE OF SUIT (PLACE AN × IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 630 Liquor Laws | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 650 Airline Regs | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 690 Other | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | **LABOR** | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☒ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 863 DIWC (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 740 Railway Labor Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 790 Other Labor Litigation | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☐ 530 Habeas Corpus | ☐ 791 Empl. Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 540 Mandamus & Other | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 550 Civil Rights | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | | | | |

## VI. ORIGIN (PLACE AN × IN ONE BOX ONLY)

☐ 1 Original Proceeding

☒ 2 Removed from State Court

☐ 3 Remanded from Appellate Court

☐ 4 Reinstated or Reopened

☐ 5 Transferred from another district (specify)

☐ 6 Multidistrict Litigation

☐ 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

**DEMAND $**
Excess of $15,000

Check YES only if demanded in complaint:
**JURY DEMAND:**  ☐ YES  ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE Hon. Michael Davis    DOCKET NUMBER 99-CV-2041

Sparta Foods, Inc. v. Runari Food Services, Inc.    U.S. District Court District of Minn.

DATE _____

SIGNATURE OF ATTORNEY OF RECORD _____

**UNITED STATES DISTRICT COURT**

Receipt 816511  $150.00  2/4/00