UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6188-CIV-DIMITROULEAS
Magistrate Judge Johnson

RUPARI FOOD SERVICES, INC., a
Florida corporation,

    Plaintiff,

vs.

SPARTA FOODS, INC., a Minnesota
corporation,

    Defendant.
_____/

## MOTION TO TRANSFER AND MEMORANDUM OF LAW IN SUPPORT

Defendant, SPARTA FOODS, INC., by and through undersigned counsel files this Motion to Transfer the above cause to the United States District Court for the District of Minnesota pursuant to 28 U.S. Code 1404, et seq., and as grounds, would state as follows:

1. The instant action filed by RUPARI FOODS, INC., arises out of an alleged breach of warranty and "fraud" involving a food supply agreement. The agreement is attached hereto as Exhibit "A".

2. Prior to the filing of the instant action, SPARTA FOODS, INC., defendant herein, filed a Complaint for Damages in the United States District Court for the District of Minnesota styled Sparta Foods, Inc. v. Rupari Food Services, Inc., Case No. 99-Civ-2041 which is currently pending before the Honorable Michael J. Davis.

3. The action filed in Minnesota by Defendant herein is a contract action arising out of the same contract with the same parties and the same factual circumstances which comprises the gravamen of the instant case.

MARLOW, CONNELL, VALERIUS, ABRAMS, ADLER & NEWMAN



CASE NO. 00-6188-CIV-DIMITROULEAS<br>Magistrate Judge Johnson

4. The instant case filed by RUPARI FOOD SERVICES, INC., would more properly be raised as a defense and/or Compulsory Counterclaim in the United States District Court for the District of Minnesota in *Sparta Foods, Inc. v. Rupari Food Services, Inc.*

5. In the contract which serves as the gravamen for both of these causes, there is a "choice of law" clause whereby disputes between the parties arising out of the contract are to be determined under the laws of the State of Minnesota. (See Exhibit "A"). In the interest of justice, a Minnesota Court is the more appropriate forum for determination of issues of Minnesota law.

6. Since there is a prior pending action in the State of Minnesota, the United States District Court for the District of Minnesota, and since the instant case would properly be termed a defense and/or Counterclaim to the Minnesota action, since venue is proper in Minnesota for the instant case on the grounds that defendant, SPARTA FOODS, INC., is a Minnesota corporation, in the interest of justice and in order to preserve judicial resources, this honorable Court should exercise its discretion and transfer the instant case to the United States District for the District of Minnesota pursuant to 28 U.S. Code 1401, et. seq.

## MEMORANDUM OF LAW

### I. Introduction

RUPARI FOOD SERVICES, INC., has filed an action against SPARTA FOODS, INC., arising out of a food supply agreement between the parties herein. The action was

MARLOW, CONNELL, VALERIUS, ABRAMS, ADLER & NEWMAN

CASE NO. 00-6188-CIV-DIMITROULEAS<br>
Magistrate Judge Johnson

originally filed in the 17th Judicial Circuit for Broward County, Florida. Defendants herein, SPARTA FOODS, INC., removed the instant case to this honorable United States District Court with subject matter jurisdiction being based on diversity of citizenship.

Prior to the filing of the instant case, SPARTA FOODS, INC., defendant herein, filed an action in the United States District Court for the District of Minnesota styled *Sparta Foods, Inc. v. Rupari Food Services, Inc.*, Case No. 99-Civ-2041 pending before the Honorable Michael J. Davis. As in the instant case, the case pending in the District Court for Minnesota arises out of the identical food supply agreement and involves the identical parties as the instant case. Also similar to the instant case, Federal Court jurisdiction is based on diversity of citizenship, although the case pending in Minnesota was originally filed in the United States District Court and was not removed.

A copy of the Complaint filed by SPARTA FOODS, INC., in the District of Minnesota is attached hereto as Exhibit "B". As this Court will note, that case arises out of an alleged breach of the food supply agreement and the associated remedies therein. An examination of the Complaint filed by RUPARI FOOD SERVICES, INC., in the instant case, indicates that the action arises out of the same agreement but sounds in a breach of warranty or fraud, both of which would be either an affirmative defense to the action pending in Minnesota or, more appropriately, a Compulsory Counterclaim to the Minnesota action pursuant to Federal Rules of Civil Procedure 13(a).

CASE NO. 00-6188-CIV-DIMITROULEAS<br>
Magistrate Judge Johnson

## II. Legal Argument

A. **Since there is pending before a United States District Court a prior action involving the same parties and the same transaction, this Court should exercise its discretion and transfer the instant case to the United States District Court for the District of Minnesota**

Pursuant to 28 U.S. Code §1404, et seq., a Federal Court may transfer an action if the interests of justice are more adequately served in the transferee venue. *Countrymen Upstate New York Pension and Retirement Fund v. Stein, Roe & Farnham*, 681 F.Supp. 479 (N.D., IL., 1987).

The interests of justice are especially served in transferring venue where there is pending before a Federal Court a parallel Federal action involving the same actions and the same transaction. *Qualcomm, Inc. v G.T.E. Wireless, Inc.*, 1999 W.L. 1335613 (S.D., Cal., 1999). Claims should be adjudicated in the forum of the first filed action and where the forum of the first filed action is transferred, the transferee forum should be the forum for adjudication. Id. In *Qualcomm*, G.T.E. Wireless, Inc., filed suit against Qualcomm for an alleged patent infringement on June 29, 1999, in the Eastern District of Virginia. On September 13, 1999, some three (3) months later, Qualcomm filed suit against G.T.E. in the Southern District of California seeking a declaratory judgment holding that Qualcomm was not infringing on the same patent. In considering a motion to transfer, the California District Court held that since there was a pending action previously filed in the Eastern District of Virginia involving the same parties and the same business transaction, that venue would be more proper in the first-filed forum.

The identical situation exists in the case at bar in that there is a first-filed action pending in the United States District Court for the District of Minnesota arising out of the same transaction, involving the same parties. In order to serve the "conservation of judicial resources, the avoidance of duplicative litigation . . . ", this case is more properly adjudicated in the first-filed forum of Minnesota.

In *Levitt v. State of Maryland Deposit Insurance Fund Corporation*, 643 F.Supp. 1485 (E.D., NY, 1986), a similar result was reached in a case even more factually similar to the instant case. In *Levitt*, the parties were involved in litigation in the District Court of Maryland on facts and circumstances identical to the case pending before the Eastern District of New York. In examining a transfer motion, the Court held:

> transfer of venue is particularly appropriate where there is a prior pending lawsuit in the transferee district involving same facts, transactions or circumstances.

*Levitt at 1494,* citing *Byrd v. First American Bank Shares, Inc.*, 576 F.Supp. 1239 (S.D., NY, 1983); *Durham v. Sterling Film Portfolio*, 537 F.Supp. 1241 (S.D., NY, 1982). Even more telling was the Court's recognition that the claims asserted in the second filed action in the Eastern District of New York were appropriate to assert as Counterclaims in the Maryland action.

In the case at bar, RUPARI's claims for "breach of warranty" and "fraud" are appropriate affirmative defenses and/or Counterclaims in the District Court action in Minnesota. SPARTA FOODS, INC., has filed a breach of contract action for RUPARI's alleged failure to pay for goods pursuant to the food supply agreement. Clearly, the issue

CASE NO. 00-6188-CIV-DIMITROULEAS
Magistrate Judge Johnson

of whether the goods were "merchantable" and whether there was fraud in the inducement are issues which are appropriately considered in the breach of contract and unjust enrichment action filed by SPARTA FOODS in Minnesota.

As stated in the *Levitt* decision, a concern also arises out of the potential inconsistent results if the case were to remain pending in Florida. Since the Minnesota case and the Florida case arise out of the same agreement, with the same parties and the same factual circumstances, there exists at least a possibility that inconsistent results could be reached in the potential trials of the two actions. Only by transferring the instant case to Minnesota is that concern alleviated. See, also *Hooker v. Burson*, 960 F.Supp. 1283 (M.D., Tenn., 1996).

The interests of justice are better served in this matter if the case were transferred to the United States District Court for the District of Minnesota where a first-filed case arising out of the same facts and involving the same parties and transaction is already pending. Additionally, transferring this case to Minnesota would also alleviate the possibility of an inconsistent result which could occur should the two cases remain pending in two different Federal Districts before two different juries and/or two different Judges. As a result, this Court should exercise its discretion pursuant to 28 U.S. Code 1404 and transfer this action to the United States District for the District of Minnesota.

Marlow, Connell, Valerius, Abrams, Adler & Newman

CASE NO. 00-6188-CIV-DIMITROULEAS
Magistrate Judge Johnson

**B.   All considerations for the smooth adjudication of this action favor transferring the instant case to the United States District Court for the District of Minnesota**

There are several other factors which speak in favor of transferring this case to Minnesota. In the supply agreement which comprises the gravamen of both of these particular claims, there is a choice of law provision stating that disputes between the parties arising out of the supply agreement, will be determined under Minnesota law. (See, Exhibit "A" enclosed herein). Clearly, it is more appropriate for a court sitting in Minnesota to adjudicate issues of Minnesota contract law and this will further assist in the preservation of the judicial resources for a Florida Court. This factor also sides in favor of transferring this action to the United States District Court sitting in Minnesota. *Dahl v. Hem Pharmaceutical Corp.*, 867 F. Supp. 194 (S.D., NY, 1994).

Additionally, a case should be transferred from one appropriate venue to another venue only where the transferee venue is an appropriate venue for the action that has been brought. *Countrymen Upstate New Pension & Retirement Fund, supra*. In the instant case, defendant SPARTA FOODS is a Minnesota corporation. Pursuant to Federal Venue Statutes, venue is clearly appropriate in the State of Minnesota which is further demonstrated by the fact that SPARTA FOODS originally brought its action in Minnesota.

Another factor speaking to the propriety of transferring a cause from one Federal Court to another is the feasibility of consolidation of the particular cases. *A.J. Industries, Inc., v. U.S. Dist. Court for Central District of Cal*, 503 F.2nd 384 (9th Cir., 1974). In this particular case, because the cases arise out of the same factual circumstances, the same

MARLOW, CONNELL, VALERIUS, ABRAMS, ADLER & NEWMAN

contracts and the same parties. consolidation will not only be feasible but it will be recommended and applied for by the undersigned if transfer to Minnesota ocurrs. This will enable the parties to coordinate discovery, motion practice and trial in a more appropriate and efficient manner.

### III

### **CONCLUSION**

Federal Courts should exercise their discretion to transfer a pending Federal case from one District to another where it serves the interests of justice. This is especially true where there is a prior filed action pending in a Federal court arising out of the same factual circumstances involving the same parties. For the efficient use of judicial resources, the avoidance of inconsistent results and to assure the smooth adjudication of the facts and law of the particular cause pending, this action should be transferred to the United States District for the District of Minnesota.

In the instant case, the second filed action currently pending before this Court arises out of the same food supply agreement involving the same parties as the case filed first in Minnesota. Additionally, there exists a potential for inconsistent results should this action remain pending in the State of Florida. A motion to consolidate should be and will be filed if this Court exercises its jurisdiction and transfer this action to Minnesota. This will further assure the most efficient use of the judicial resources. Since the defendant in the instant case is a Minnesota corporation, venue is proper in the State of Minnesota, the transferee district.

MARLOW, CONNELL, VALERIUS, ABRAMS, ADLER & NEWMAN

CASE NO. 00-6188-CIV-DIMITROULEAS
Magistrate Judge Johnson

As a result of all of the foregoing factors, this Court should exercise its discretion and transfer the above-referenced cause to the United States District Court for the District of Minnesota pursuant to 28 U.S. Code 1404, et. seq.

Respectfully submitted,

MARLOW, CONNELL, VALERIUS
ABRAMS, ADLER & NEWMAN
2950 Southwest 27th Ave. Ste. 200
Post Office Box 339075
Miami, Florida 33233-9075
Direct Line: (305) 460-6537
Attorneys for Sparta Foods, Inc.

By: *[signature]*
**MICHAEL C. ROTUNNO**
**Fla. Bar No.: 0861979**

By: *[signature]*
**William G. Liston**
**Fla. Bar No.: 332542**

CASE NO. 00-6188-CIV-DIMITROULEAS
Magistrate Judge Johnson

### CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that a true and correct copy of the foregoing was served on February 10, 2000 to:

ARNOLD D. SCHATZMAN
SCHATZMAN & SCHATZMAN, P.A.
Suite 700, Dadeland Towers North
9200 South Dadeland Boulevard
Miami, Florida 33156
(305) 670-6000

SHELDON J. BURNETT
367 Alhambra Circle
Coral Gables, Florida 33134
(305) 443-2111

    MARLOW, CONNELL, VALERIUS
     ABRAMS, ADLER & NEWMAN
    2950 Southwest 27th Ave. Ste. 200
    Post Office Box 339075
    Miami, Florida 33233-9075
    Direct Line: (305) 460-6537
    Attorneys for Sparta Foods, Inc.

By: _____
    **MICHAEL C. ROTUNNO**
    **Fla. Bar No.: 0861979**

I:\VALERIUS\Rupari Food\Pleadings\Federal Court\m-transfer 01\bl

MARLOW, CONNELL, VALERIUS, ABRAMS, ADLER & NEWMAN