UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6188-CIV-DIMITROULEAS
Magistrate Judge Johnson

RUPARI FOOD SERVICES, INC., a
Florida corporation,

        Plaintiff,

vs.

SPARTA FOODS, INC., a
Minnesota corporation,

        Defendant.
_____/

NIGHT BOX
FILED ..

FEB 2 3 2000

CLARENCE MADDOX
CLERK, USDC / SDFL / FTL

## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO MOTION TO TRANSFER

    Plaintiff, RUPARI FOOD SERVICES, INC., (hereinafter, "RUPARI"), through undersigned

counsel, submits this Memorandum of Law in Opposition to the Motion to Transfer by Defendant

SPARTA FOODS, INC., (hereinafter, "SPARTA"), as follows:

### Preliminary Statement

    Sparta has moved the Court to transfer this action to the United States District Court for the

District of Minnesota, citing to 28 U.S.C.A. §1404.  Sparta argues the "First Filed Rule" as its

reason for the transfer, claiming that the action Sparta filed on December 22, 1999 against Rupari

in the United States District Court for the District of Minnesota takes precedence for determining

the venue of any litigation between these parties.

    However, as more particularly set forth below, Sparta's reliance on the "First Filed Rule" is

misplaced.  Not only is the "First Filed Rule" not controlling here, the facts of this case support the

case remaining in the United States District Court for the Southern District of Florida in any event.

1

**SCHATZMAN & SCHATZMAN, P.A.**
**9200 SOUTH DADELAND BOULEVARD • SUITE 700 • MIAMI, FLORIDA 33156**

CASE No. 00-6188-CIV-DIMITROULEAS

### Factual Background

The facts relevant to this motion are set forth in detail in Rupari's Memorandum Opposing Defendant Sparta's Motion to Dismiss filed February 16, 2000. Rupari incorporates that Memorandum by reference herein, both as to the more detailed statement of facts and exhibits thereto as well as the legal arguments made in that Memorandum. Rupari sets forth below a summary of the facts particularly relevant to the Court's consideration of Sparta's Motion for Transfer.

Rupari is a Florida corporation with its principal place of business in Deerfield Beach, Florida. Rupari is an importer and distributor of food products. In December 1998 or early January 1999, Sparta, a Minnesota corporation, contacted Rupari at Rupari's Florida office to request a meeting to explore the possibility of Rupari entering into transactions with Sparta concerning Sparta Mexican food products. Sparta then flew to Florida and met with Rupari at its Deerfield Beach office. This was the first of several visits by Sparta to Rupari's Florida office.

In January 1999, Rupari and Sparta, at Rupari's Florida office, signed a letter of intent for the parties to enter into an agreement for the sale of a new food product idea. Rupari registered a brand name, "Banditos" to market this new product, as well as to market other of Rupari's food product lines unrelated to Sparta.

Negotiations then ensued between Sparta and Rupari's Florida counsel for a Supply Agreement, pursuant to which Rupari was to acquire products manufactured by Sparta for sale to Rupari's customers. In May 1999, a final draft of a Supply Agreement was signed by Rupari in Florida.

2

CASE NO. 00-6188-CIV-DIMITROULEAS

Rupari received its first order of Sparta product shortly after the Agreement was signed. This was to be a sample test order for Rupari's customers. Rupari placed the product on the shelves of several locations of its customers, including Circle K convenience stores, Winn Dixie and Albertson. None of these locations were in Minnesota.

Soon thereafter, complaints from Rupari's customers about the product quality began pouring in. Rupari communicated those complaints to Sparta and Sparta promised to correct the problem. No remedy ensued, however.

Rupari learned during this same time that, unbeknownst to Rupari, Sparta had been misrepresenting Rupari's brand name "Banditos" and Rupari's proprietary rights to this product as Sparta's own. Rupari demanded a retraction. None was forthcoming. Sparta also did not address the problems caused by the defective products and Rupari refused to pay for the defective order and awaited some resolution of the product problem.

The Agreement requires the parties to "make a good faith attempt to resolve a dispute by alternative dispute resolution (ADR) prior to commencing any legal action to interpret or enforce the agreement." The parties originally agreed upon a mediation date of December 22, 1999. The mediation was to be conducted via telephone. On December 21st, Sparta put Rupari on written notice that it was terminating the contract, claiming Rupari's refusal to pay for the (defective) Sparta product was a breach of the Supply Agreement. Also via another letter dated that same December 21st, Sparta communicated to Rupari its agreement to reschedule the mediation until January 6th and expressed its position that "Sparta is hopeful that a solution to this dispute can be negotiated. In that spirit, we look forward to speaking with you on January 6, 2000."

3

**SCHATZMAN & SCHATZMAN, P.A.**
**9200 SOUTH DADELAND BOULEVARD • SUITE 700 • MIAMI, FLORIDA 33156**

CASE NO. 00-6188-CIV-DIMITROULEAS

Sparta did not wait for the ADR to proceed, however. On December 22, 1999 - the day after its letters to Rupari confirming its desire to mediate and negotiate a settlement - Sparta filed a complaint against Rupari in the United States District Court for the District of Minnesota (hereinafter, the "Minnesota Action") The complaint alleges a breach by Rupari of the Supply Agreement and also sues for unjust enrichment. Rupari first learned of the complaint on December 27, 1999, when a copy was served on Rupari's president at his Deerfield Beach, Florida office. Although the parties did conference by telephone on the January 6, 2000 mediation date, Sparta's attorney informed Rupari that Sparta had no intention of working towards resolving the dispute in mediation. Consequently, the mediation was terminated. Rupari filed this action a few days later in the Florida state court (hereinafter, the "Florida Action").

Rupari has filed a Motion to Dismiss the Minnesota Action on the grounds that the Minnesota court has no personal jurisdiction over Rupari and that Sparta has failed to state a claim for which relief can be granted because it failed to perform the condition precedent to litigation, to wit: making a "good faith" attempt to resolve the dispute through ADR. Sparta's response to Rupari's motion to dismiss was due February 18, 2000.

Rupari is a Florida corporation and has no offices, officers, directors or agents in Minnesota. It is not licensed to do business in Minnesota. It does not engage in any business activity in Minnesota. Rupari entered into the Supply Agreement with Sparta in Florida, after Sparta engaged in negotiations with Rupari in Florida.

There were only two isolated contacts by Rupari with the State of Minnesota during any of this time. The first was during contract negotiations, when Sparta invited Rupari's president to

4

attend a shareholder's meeting in Minnesota to tout the relationship developing between Sparta and Rupari. Rupari's president obliged. The second occasion was after Rupari put Sparta on notice that Sparta's product was defective. Sparta invited Rupari to Minnesota to inspect Sparta's manufacturing facility. Rupari's representatives traveled to Minnesota in response to Sparta's invitation and left when the inspection yielded no solution to the defective product issue.

Rupari's books and records and its officers and employees having knowledge of the facts concerning the parties' dispute are located in Florida. Rupari has the samples of the defective product in Florida. Other than Sparta officers and/or employees, with knowledge of related facts, Rupari is not aware of any witnesses located in Minnesota.

Sparta does not contest the Court's personal jurisdiction over the parties to the Florida Action. Instead, Sparta filed a motion to dismiss the Florida Action claiming Rupari should be required to file its complaint as a counterclaim in the Minnesota Action, and complaining that a copy of certain agreements and documents should have been attached to the complaint. Sparta then removed the Florida Action from state court to federal court on February 4th, and filed its instant Motion to Transfer the Florida Action to the United States District Court for the District of Minnesota.

### Burden of Proof and Factors to Consider

28 U.S.C.A. §1404(a) allows:

> For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought.

5

CASE NO. 00-6188-CIV-DIMITROULEAS

Before a court will order a case transferred under §1404(a), the moving party must meet its burden of making a clear showing that the transferee district is more convenient and that the interests of justice would be better served by transfer.  See: Levitt vs. State of Maryland Deposit Insurance Fund Corporation, 643 F.Supp. 1485, 1493 (E.D.N.Y. 1986).  In deciding whether a change in forum is warranted, the Court must consider (1) Plaintiff's initial choice of forum; (2) convenience of the parties and witnesses; (3) relative ease of access to sources of proof; (4) availability of compulsory process for witnesses; (5) location of relevant evidence; (6) financial ability to bear the cost of the change; and (7) all other practical problems that make trial of the case easy, expeditious, and inexpensive.  See: Tampa Bay Storm, Inc. vs. Arena Football League, Inc., 932 F.Supp. 281, 282 (M.D.Fl. 1996).  The party seeking the transfer has the burden of persuading the trial court that the transfer is appropriate. Tampa Bay Storm, Inc., 932 F.Supp. at 282.  "It is incumbent upon the party seeking to transfer a civil action under 28 U.S.C.A. §1404(a) to make a clear showing that the balance of interests weighs in favor of the proposed transfer, and unless that balance is strongly in favor of the moving party, the plaintiff's choice of forum should not be disturbed." Houk vs. Kimberly-Clark Corporation, 613 F.Supp. 923 (W.D.Mo. 1985)(transfer in diversity action denied). Whether or not to transfer a case is left to the trial court's sound discretion. (See: Tingley Systems, Inc. vs. Bay State HMO Management, Inc., 833 F.Supp. 882, 885 (M.D.Fla. 1991)(ultimately the resolution of the question is for the Court's discretion)).  However, "the Eleventh Circuit has determined that a court should be somewhat restrictive in transferring actions...'the [p]laintiff's choice of forum should not be disturbed unless the movant can show that it is clearly outweighed by other considerations.'" Jasper Corp vs. National Union Fire Insurance Company of Pittsburgh,

6

**SCHATZMAN & SCHATZMAN, P.A.**
9200 SOUTH DADELAND BOULEVARD • SUITE 700 • MIAMI, FLORIDA 33156

CASE NO. 00-6188-CIV-DIMITROULEAS

Pa., 13 Fla. L. Weekly Fed. D25 (M.D.Fl. 9/3/99), citing Robinson vs. Giarmarco & Bill, P.C., 74 F.3d 253, 260 (11th Cir. 1996).

Sparta's Motion to Transfer relies exclusively on its argument that since Sparta was the first to file a lawsuit with its initiation of the Minnesota Action on December 22, 1999, the United States District Court for the District of Minnesota is the forum where Rupari's claims against Sparta should be entertained. Sparta's argument fails in several respects. First, the "First Filed Rule" does not mean "first to file" an action with the clerk of a district court. For purposes of a Motion to Transfer it means the first action filed where not only subject matter jurisdiction, but also personal jurisdiction over all of the parties, has been established. Second, the "First Filed Rule" is only one factor to be considered by a court in deciding upon a motion to transfer. It is not absolute and is not dispositive of the issue of whether an action should be transferred. In this case, for instance, Sparta's bad faith conduct excepts application of the Rule and dictates that this Court's discretion should deny transfer. Third, Sparta's Minnesota lawsuit was prematurely filed, as Sparta failed to conduct ADR, a condition precedent to litigation. Fourth, Rupari intends to file a motion for remand which, if granted, will moot the issue of transfer.

### Florida, Not Minnesota, is the First Court To Establish Personal Jurisdiction Over All the Parties, And Therefore Should Retain the Action

It is an established rule of law that the first federal district court which obtains jurisdiction of the parties and issues should have priority. Cessna Aircraft Company vs. Brown, 348 F.2d 689, 692 (10th Cir. 1965); See Also: Affinity Memory & Micro, Inc. vs. K & Q Enterprises, Inc., 20 F.Supp. 2d 948, 954 E.D. Va. 1998)(under the "first-filed" rule, for purposes of choosing between

7

**SCHATZMAN & SCHATZMAN, P.A.**
9200 SOUTH DADELAND BOULEVARD • SUITE 700 • MIAMI, FLORIDA 33156

possible venues when there is parallel litigation initiated in separate courts, the court in which jurisdiction first attaches should be the one to decide the case). When there is a question over whether there is personal jurisdiction in the transferee court over any of the parties, the better practice is to deny the motion to transfer. See: Muller vs. Walt Disney Productions,, 822 F.Supp. 1033, 1039 (S.D.N.Y. 1991)(motion to transfer denied because, among other things, there was a question of whether there was personal jurisdiction over all the parties in the transferee district).

In the instant case, personal jurisdiction has been established only in the Florida Action. In the Minnesota Action, personal jurisdiction over Rupari is an issue. If the Minnesota court were to grant Rupari's motion to dismiss, it is an acknowledgment that no jurisdiction exists and a transfer of this case to Minnesota would then have been fundamentally improper. Even if Minnesota were to hereafter find that it has personal jurisdiction, this does not detract from the fact that personal jurisdiction was first established in this Court and therefore, for purposes of a motion to transfer, this Court should stand as the priority under the "First Filed Rule."

In Muller vs. Walt Disney Productions, Inc., supra, a similar issue presented itself. There, a defendant moved to transfer a New York action to a federal district court in Pennsylvania based on the "First Filed Rule." At the time that the New York court considered the transfer motion, there was a motion to dismiss pending in the Pennsylvania action for lack of personal jurisdiction. The Court denied the transfer, holding that "we are reluctant to transfer this action to a forum where personal jurisdiction over one of the parties is in doubt." Id. At 1039.

In Cessna Aircraft Company vs. Brown, supra, 6 plaintiffs filed wrongful death actions against Cessna in federal district court in Louisiana. Cessna moved to dismiss all of the Louisiana

8

actions for lack of personal jurisdiction. While that motion was pending, the plaintiffs refiled their actions in Kansas, where there was no question of the district court's jurisdiction over Cessna. The Louisiana court thereafter ruled that it did have personal jurisdiction over Cessna, whereupon the plaintiffs filed a motion to transfer the Kansas case to Louisiana. On appeal, the Tenth Circuit entered a writ of mandamus preventing the transfer from Kansas to Louisiana, particularly since the Louisiana court's order finding personal jurisdiction would be subject to appeal. Though the Court left open the possibility that it may reconsider a transfer after the personal jurisdiction issue is resolved on appeal, it refused the transfer while that issue remained open. See Also: National Equipment Rental Ltd. vs. Fowler, 287 F.2d 43, 45 (2nd Cir. 1961)(court asserting priority must have obtained jurisdiction over the parties and the issues).

Sparta proposes that Rupari be required to assume the role of a defendant in the Minnesota Action and be subject to the exercise of jurisdiction by the Minnesota trial court. Since Sparta is the party seeking to transfer this action, Sparta bears the burden of establishing personal jurisdiction over Rupari in the transferee forum. ( See: Volkswagen de Mexico, S.A. vs. Germanischer Lloyd, 768 F.Supp. 1023, 1029 (S.D.N.Y 1991). The fact that Rupari is asserting its jurisdictional challenges in the Minnesota Action, while Florida's jurisdiction is already established holds in favor of denying the motion to transfer.

Sparta's efforts are geared towards forcing the jurisdictional issue, however. Sparta looks to this action to circumvent the ongoing jurisdictional challenges in Minnesota. Through its transfer motion, Sparta seeks to force Rupari to use Sparta's chosen forum should Rupari pursue its claims against Sparta. However, 28 U.S.C.A. §1404 was not designed to expand a district court's

9

CASE NO. 00-6188-CIV-DIMITROULEAS

jurisdiction beyond the jurisdictional limits already proscribed by Congress. See: Solomon vs. Continental American Life Insurance Company, 472 F.2d 1043, 1045 (3rd Cir. 1973)("By making it explicit in §1404(a) that the transfer could only be made to a district or division where the action could have been brought, Congress made clear its intention not to confer on the transferor district court a power to enlarge the statutory federal jurisdiction of the transferee district or to disregard other statutory venue requirements"); See Also: Foster-Milburn Co. vs. Knight, 181 F.2d 949, 952 (2nd Cir. 1950)(transitory actions must begin with personal service on a defendant, not the date that a complaint is filed - otherwise, a transfer makes it possible in diversity cases for a plaintiff in the transferee court to dispense with service and force the parties to litigate in a district where he does not live, nor set foot).

The cases cited by Sparta in support of its argument that the "First Filed Rule" applies are all readily distinguishable. None of the cases raised an issue of the transferee court's jurisdiction over the non-moving party. All of the cases had been pending in the transferee court for a considerable time and had progressed through discovery and other pre-trial matters. For instance, in Berg vs. First American Bankshares, Inc, 576 F.Supp. 1239 (S.D.N.Y. 1983), the first case had already been through discovery and, moreover, all of the operative events and transactions occurred in the transferee district; documents were in the transferee district and some of the defendants resided in the transferee district. Under those circumstances, the transferor court found it appropriate to transfer the case. In Dahl vs. Hem Pharmaceuticals, Corp. 867 F.Supp. 194 (S.D.N.Y. 1994), the plaintiff had earlier filed an action in the proposed transferee district and that action had already been "vigorously litigated" for almost three years before the suit at issue commenced, and the transferee

10

court had already decided two summary judgment motions that had disposed of the first action. The transferor court found that under those circumstances, it would be a "patent misuse of judicial resources to require another court to review and become familiar with the same facts and circumstances." In Levitt vs. State of Maryland Deposit Insurance Fund Corporation, supra, the related case had been pending in the transferee district for three years; the parties had been actively litigating that earlier case in the other district and the case was ready for trial, and the events occurred in the other district. On the other hand, there was no "material connection or significant contact" between the plaintiffs and the transferor district. The transferor court found that to retain the case under those facts would be "wasteful and unnecessarily duplicative". 643 F.Supp. at 1493. No such circumstances that supported transfer in these cases exist here.

## Other Factors Weigh Against Transfer

"The existence of related litigation in another district is a factor that favors transfer...However, it is only one factor to consider and balance with all the other factors on a case-by-case basis." Muller vs. Walt Disney Productions, 822 F.Supp. at 1037. The "first to file" rule does not apply mechanically. Id. At 1039. See Also: Jasper vs. National Union Fire Insurance Company of Pittsburgh, Pa., 13 Fla.L.Weekly Fed. D25 (M.D.Fla. 1999)(the court is not strictly required to follow the "first-filed rule" and must look to the circumstances to determine whether a departure from the "first-filed rule" is appropriate). "A case may not be transferred simply because the moving party would prefer another forum or because the claim arose elsewhere. Likewise, a transfer may not be granted if the only result would be to shift the balance of inconvenience from

the moving party to the nonmoving party." <u>Continental Airlines vs. American Airlines</u>, 805 F.Supp. 1392, 1396 (fn. 10) (S.D.Tex 1992).

Here, in addition to the personal jurisdiction issue, other factors favor that the case not be transferred. First, Rupari is a Florida corporation with its principal place of business in Florida. That factor weighs in favor of the case staying with this Court. <u>See</u>: <u>Mead Data Center, Inc. vs. West Publishing Co.</u>, 679 F.Supp. 1455, 1465 (S.D. Ohio 1987)(relative importance of plaintiff's choice of forum increased because plaintiff corporation filed suit in state that was its principal place of business).

Second, the factor of the convenience of the witnesses favors the case remaining here. "The convenience of the witnesses is arguably the most important factor in determining whether a case should be transferred pursuant to section 1404(a)." <u>Continental Airlines vs. American Airlines</u>, 805 F.Supp. at 1396. And, it is the burden of the party seeking transfer to specify clearly the key witnesses to be called and indicate what their testimony will entail. <u>See</u>: <u>Houk vs. Kimberly-Clark Corporation</u>, 613 F.Supp. at 928. Here, Sparta has not identified any witnesses, nor given any indication of what testimony any witnesses will present and therefore has utterly failed to meet its burden under this factor for a section 1404(a) transfer.

In Rupari's favor, Rupari's claims are for breach of warranty, a Uniform Commercial Code claim, and fraudulent misrepresentation which induced Rupari to purchase the Product from Sparta. Rupari has no office nor representative in the District of Minnesota. Rupari's witnesses and representatives, books and records, and samples of defective product are located in Florida. Rupari's officers and representatives shall be key witnesses for Rupari's claims and all reside in Florida.

12

CASE NO. 00-6188-CIV-DIMITROULEAS

Third, the allegations of Rupari's claims show there to be an issue of whether the District of Minnesota would be able to obtain the compulsory appearance of nonparty witnesses because the events and complaints underlying the dispute occurred in Florida and outside of Minnesota. Rupari's expense and inconvenience of having to litigate its claims on the other side of the country are also a significant factor and Sparta has made no showing whatsoever that it will incur any significant expense should this action remain here or that any expense incurred by Sparta if this case is not transferred outweighs the expense and inconvenience that Rupari shall suffer should the case be transferred to Minnesota. "[T]ransfer to another district is not appropriate merely to shift the hardships from one party to the other." Affinity Memory & Micro, Inc. vs. K & Q Enterprises, Inc., 20 F.Supp.2d at 955. Sparta makes no showing whatsoever that a transfer of this case would be convenient for anyone other than Sparta.

Sparta's suggestion, that because the Supply Agreement that underlies Sparta's Minnesota Action against Rupari contains a clause requiring Minnesota law to apply, does not dictate that Rupari's claims be litigated in Minnesota. Sparta makes no suggestion that there are any complex nuances of Minnesota law applicable to either the Minnesota Action or the instant case. Rupari brings claims in the Florida Action under various common law and Uniform Commercial Code statutory theories and does not cite to any Minnesota law.

The district courts are often called upon, especially in diversity actions, to interpret the law of another jurisdiction. That the law of the transferee forum might apply is not a reason for transfer. Campbell vs. Mitsubishi Aircraft International, Inc., 416 F.Supp. 1225, 1227 W.D. Penn. 1976)("We hope and believe that whether it is ultimately determined that Pennsylvania or Texas laws apply, this

13

court will be able to interpret them successfully).

This same argument was likewise rejected in <u>Houk vs. Kimberly Clark Corporation</u>, 613 F.Supp. 923 (W.D.Mo. 1985). There, an action was brought in Missouri for damages arising from personal injuries and a loss of consortium. The defendant sought to transfer the case to Georgia and argued, among other things, that Georgia was the more appropriate forum because Georgia law applied to the substantive issues in the case. The Missouri court rejected that argument and stated:

> Assuming, for present purposes only, that defendant is correct in arguing that the substantive law of Georgia, rather than that of Missouri, governs this action, this consideration is entitled to little significance in the court's decision. While some cases speak of the appropriateness of leaving the construction of a state's law to those courts most familiar with it (citations omitted)..., the general view, one to which this court ascribes, is that this factor is to be given little weight where, as appears to be the case here, the foreign law to be applied is neither complex or unsettled...This court is routinely called upon to apply the law of other jurisdictions in diversity actions; hence the possibility that Georgia law might govern this action is not of great moment.

<u>Houk vs. Kimberly Clark Corporation</u>, 613 F.Supp. at 931.

### <u>Sparta's Filing of the Minnesota Action Was in Bad Faith and Shows Impermissible Forum Shopping That Should Not Be Rewarded by A Transfer of This Action</u>

Another factor for the Court to consider is that Sparta's bad faith filing should not be rewarded with a transfer of this action.   When Sparta realized it was apparently unable to correct the defect in the product, it set upon a scheme to lull Rupari into believing that the problem would be solved, that disputes between the parties would be amicably resolved, and that at the least, the parties would participate in ADR with Sparta stating that its objective was to negotiate a solution

14

CASE NO. 00-6188-CIV-DIMITROULEAS

during the January 6, 2000 mediation. On December 21st, Sparta confirms an upcoming mediation on January 6th and expresses its hopes of negotiating the solution. On December 22nd, Sparta races to the courthouse in the District of Minnesota and files suit. Rupari only learns of the lawsuit when it is served with a copy of the complaint several days later.

The courts do not condone a party's bad faith attempt to win a race to the courthouse. See: Koch Engineering Co. vs. Monsanto Co. 621 F.Supp. 1204 (E.D. Mo. 1985)(under rule 13(a) analysis, the First Filed Rule cannot apply to bad faith); Southmark Corporation vs. PSI, Inc., 727 F.Supp. 1060 (S.D.Miss. 1989).

In Muller vs. Walt Disney Productions, supra, Disney filed its action after suggesting that the parties try to resolve their differences by mediation and then informing the other party that it would contact him the following month to relate Disney's settlement position. The same day as Disney proposed settlement discussions, it filed its lawsuit. The Court found that this conduct suggested "forum shopping of a sort" and in its analysis weighed that factor against Disney. Muller vs. Walt Disney Productions, 822 F.Supp. 1039.


**The Minnesota Action May Be Dismissed On Other Grounds, As Well**

Although the factors set forth above provide ample reason to permit the case to remain here, yet another factor for the Court to consider is Rupari's motion to dismiss the Minnesota Action on the grounds that Sparta failed to comply with conditions precedent. Sparta failed to participate in mediation and ADR is a condition precedent to the filing of litigation by either Sparta or Rupari. Should Rupari prevail in its motion to dismiss Sparta's complaint on that point, as well, then the

15

CASE NO. 00-6188-CIV-DIMITROULEAS

Minnesota Action should be dismissed as premature. See: First Texas Savings Ass'n vs. Comprop Inv. Properties, Ltd., 752 F.Supp. 1568, 1573 (M.D.Fla. 1990(a condition precedent must be performed before a right can accrue to enforce an obligation). There again, there would be no action in Minnesota to compel Rupari's appearance as a defendant nor its filing of any "counterclaim."

### Rupari Will Seek A Remand To State Court

Finally, Rupari intends to request that this Action be remanded to state court. 28 U.S.C. §1404(a) does not allow for the transfer of an action from a state court to a federal district court. It would be premature to consider Sparta's motion to transfer under these circumstances.

### CONCLUSION

Sparta's motion to transfer the Florida Action to the District of Minnesota should be denied. This Court is the first court to establish personal jurisdiction over all the parties to this action. Personal jurisdiction over Rupari in the Minnesota Action is an issue yet undecided by that district court and Sparta has failed to carry its burden of proof that the District of Minnesota has personal jurisdiction over Rupari. Sparta has not offered any other credible reason to support a transfer of this action. All factors relevant under a 1404(a) analysis favor Rupari. Furthermore, the facts

16

CASE NO. 00-6188-CIV-DIMITROULEAS

underlying this case suggest bad faith on Sparta's part which should not be rewarded with a transfer.

Rupari respectfully requests that Sparta's Motion to Transfer accordingly be denied.

Respectfully submitted

**SCHATZMAN & SCHATZMAN, P.A.**
Attorneys for Plaintiff
Suite 700, Dadeland Towers North
9200 South Dadeland Boulevard
Miami, Florida 33156
Telephone:    (305) 670-6000
Facsimile     (305) 670-6068

By: _____
ARNOLD D. SCHATZMAN
Fla. Bar No. 070862

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was delivered via U. S.

mail this 24th Day of February, 2000 to Michael C. Rotunno, Esquire, of Marlow,

Connell, Valerius, Abrams, Adler & Newman, Attorneys for Defendant Sparta, Post Office

Box 339075, Miami, Florida 33233-9075.

**SCHATZMAN & SCHATZMAN, P.A.**
Suite 700, Dadeland Towers North
9200 South Dadeland Boulevard
Miami, Florida 33156

By: _____
ARNOLD D. SCHATZMAN

17