UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6188-CIV-DIMITROULEAS

RUPARI FOOD SERVICES, INC.,                Magistrate Judge Johnson

    Plaintiff,

vs.

SPARTA FOODS, INC.,
A Minnesota corporation,

    Defendant.
_____/



## PLAINTIFF'S MOTION FOR REMAND

COMES NOW the Plaintiff, RUPARI FOOD SERVICES, INC. ("Rupari"), by and through its undersigned attorneys, and moves the Court to remand this case back to the Circuit Court in and for Broward County, Florida, and in support thereof says:

1. On January 10, 2000, Plaintiff filed this lawsuit in the Circuit Court in and for Broward County, Florida, Case Number 00-393 CACE (21). Defendant was served with this lawsuit on January 12, 2000.

2. On February 3, 2000, Defendant filed its Motion to Dismiss in the state court proceeding.

3. On February 4, 2000, Defendant filed in this court its Petition for Removal based upon diversity of citizenship and amount in controversy.

4. To the date this Motion For Remand is filed, the Defendant has not served upon the Plaintiff or its attorneys a notice of removal.

5. Plaintiff's complaint seeks damages in an unspecified amount of "in excess of Fifteen Thousand ($15,000.00) Dollars".

**SCHATZMAN & SCHATZMAN, P.A.**
9200 SOUTH DADELAND BOULEVARD • SUITE 700 • MIAMI, FLORIDA 33156



CASE NO. 00-6188-CIV-DIMITROULEAS

6. Defendant's attempt to remove this case to Federal Court is defective and this lawsuit should be remanded to the Circuit Court in and for Broward County, Florida because:

   A. Defendant's failure to serve Plaintiff with notice of removal is in violation of 28 U.S.C. §1446(d) and requires remand.

   B. Plaintiff's complaint simply alleges an amount exceeding Fifteen Thousand ($15,000.00) Dollars, an amount necessary to meet the minimum jurisdictional amount of the state court, and therefore does not allege an amount in controversy exceeding Seventy-Five Thousand ($75,000.00) Dollars, as is necessary for removal based upon 28 U.S.C. §1332.

   C. Defendant's certificate of service is defective as it fails to include the requirements of this Court's Local Rule 5.2.

For these reasons, removal is defective and this case should be remanded.

7. Should this Court grant Plaintiff's motion to remand, Plaintiff respectfully submits that pursuant to 28 U.S.C. §1447(c), Plaintiff is entitled to attorney fees, costs and expenses.

WHEREFORE, Plaintiff prays this Court enter its order remanding this case to the Circuit Court in and for Broward County, Florida and award to Plaintiff a reasonable attorney fee, costs and expenses.

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that a true and correct copy of the foregoing was delivered via U.S. mail this 21st day of February, 2000 to Defendant's attorney, Michael C. Rotunno, Esquire

-2-

**SCHATZMAN & SCHATZMAN, P.A.**
**9200 SOUTH DADELAND BOULEVARD • SUITE 700 • MIAMI, FLORIDA 33156**

CASE NO. 00-6188-CIV-DIMITROULEAS

at Marlow, Connell, Valerius, Abrams, Adler & Newman, Post Office Box 339075, Miami, Florida 33233-9075.

                                                  **SCHATZMAN & SCHATZMAN, P.A.**
Attorneys for Plaintiff
Suite 700 Dadeland Towers North
9200 South Dadeland Boulevard
Miami, Florida 33156
Telephone: (305) 670-6000
Facsimile: (305) 670-6068

By: _____
     ARNOLD D. SCHATZMAN
     Fla. Bar No.070862