UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.00-6188-CIV-DIMITROULEAS

RUPARI FOOD SERVICES, INC.,          Magistrate Judge Johnson

    Plaintiff,

vs.

SPARTA FOODS, INC.,
A Minnesota corporation,

    Defendant.
_____/



**PLAINTIFF, RUPARI FOOD SERVICES, INC.'S
MEMORANDUM IN SUPPORT OF MOTION FOR REMAND**

COMES NOW the Plaintiff, RUPARI FOOD SERVICES, INC. ("Rupari"), by and through its undersigned attorneys, and pursuant to 28 U.S.C. § 1447(c), hereby files this Memorandum in support of its Motion for Remand, and says:

### FACTS

Rupari is a Florida corporation with its principal place of business in Deerfield Beach, Florida. Rupari is an importer and distributor of food products.

The Defendant, SPARTA FOODS, INC. ("Sparta"), is a Minnesota corporation with its principal place of business in New Brighton, Minnesota. Sparta is a manufacturer and seller of Mexican and other food products both for itself and for other food companies.

In May, 1999, Rupari and Sparta entered into a Supply Agreement, whereby Sparta was to provide product to be distributed by Rupari under Rupari's trade name, Banditos.

After execution of the Supply Agreement, Rupari ordered a quantity of packages of the product for sample test orders for Rupari's customers such as Circle K convenience stores, Winn

**SCHATZMAN & SCHATZMAN, P.A.**
9200 SOUTH DADELAND BOULEVARD • SUITE 700 • MIAMI, FLORIDA 33156



CASE NO. 00-6188-CIV-DIMITROULEAS

Dixie and Albertson. After delivery of the orders Rupari began receiving complaints from its customers that the product was defective. Rupari's notification to Sparta of the defective product failed to result in any remedy by Sparta, other than Sparta's numerous promises that this problem would be corrected.

On January 10, 2000, after a failed attempt at mediation, Rupari filed the instant lawsuit in the Circuit Court in and for Broward County, Florida, seeking damages for (a) breach of implied warranty, and (b) fraud. The Complaint sought damages "in excess of Fifteen Thousand ($15,000.00) Dollars", the minimum jurisdictional amount for the state court.

On or about January 31, 1999, Sparta filed its Motion to Dismiss in the Circuit Court. On the same date Rupari's then counsel, Sheldon J. Burnett, stipulated with Rupari's current counsel, Schatzman & Schatzman, P.A., for the later to substitute as counsel of record for Rupari. On February 3, 2000, the Broward County Circuit Court entered its order granting substitution.

Also on January 31, 2000, in separate telephone conversations with both Sheldon J. Burnett and with Arnold D. Schatzman of Schatzman & Schatzman, P.A., Sparta's counsel, Tom Valarius, was advised that Schatzman & Schatzman, P.A. was substituting for Sheldon J. Burnett as Rupari's attorneys.

Rupari believes that Sparta may have filed, in this Court, a Petition for Removal on or about February 4, 2000.[1]

---

[1] As of the time this Memorandum was prepared, Rupari has not received a written notice of removal or any other pleadings or papers reflecting removal, other than this Court's February 8, 2000 order and, on February 11, 2000, received Defendant's Motion to Transfer. Based upon a review of the District Court file, Rupari's counsel has learned that Sparta filed a Petition for

-2-

SCHATZMAN & SCHATZMAN, P.A.
9200 SOUTH DADELAND BOULEVARD • SUITE 700 • MIAMI, FLORIDA 33156

CASE NO. 00-6188-CIV-DIMITROULEAS

## ARGUMENT

Generally under 28 U.S.C. § 1441, there are two separate basis by which a defendant can remove a case from state court to federal court: (a) where the district court would otherwise have original jurisdiction over matters in litigation in the state court case; or (b) where the district court would have original jurisdiction over an action arising under the Constitution, treaties or laws of the United States without regard to citizenship or residence of the parties or where none of the defendants is a citizen of the state in which the action is brought. In the case at bar, Sparta seeks to remove this case pursuant to 28 U.S.C. §§ 1441(b) and 1332(a).

Section 1332(a) provides that:

> The district courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between-
> (1) citizens of different states; . . .

Rupari concedes that the parties are citizens of different states but disputes that Sparta has met the requirement of establishing the necessary "amount in controversy" element, as will be discussed infra.

In order to effectuate removal of a case from state court to federal court, a defendant must meet the requirements of 28 U.S.C. § 1446. Rupari contends that although Sparta filed a Petition for Removal, the Petition fails to meet the requirements of § 1446(a) (it does not contain a short and plain statement of the grounds for removal) and Sparta has failed to meet the requirements of

---

Removal on or about February 4, 2000.

-3-

**SCHATZMAN & SCHATZMAN, P.A.**
9200 SOUTH DADELAND BOULEVARD • SUITE 700 • MIAMI, FLORIDA 33156

CASE NO. 00-6188-CIV-DIMITROULEAS

§1446(d) (failed to give written notice of removal to Rupari).

A.  **Defendant has failed to meet the notice requirement of § 1446(d).**

As evidenced by the affidavits of Sheldon J. Burnett and Arnold D. Schatzman, attached hereto, Sparta failed to promptly give written notice of its Petition for Removal to Rupari or to either its present or prior counsel. 28 U.S.C. § 1446(d) specifically states that "[p]romptly after filing of such notice of removal of a civil action the defendant or defendants shall give written notice thereof to all adverse parties . . ."

> There would seem to be little doubt that the requirement of giving notice means that actual notice must be given to the adverse party. An attempt to give notice which is not rendered ineffective by action of the adverse party is not sufficient.

*Kovell v. Pennsylvania Railroad Co.*, 129 F. Supp. 906, 908 (N.D. Ohio 1954).

The fact that Rupari has now discovered that Sparta has filed its Petition for Removal does not cure Sparta's obligation to give written notice of the removal as proscribed by Section 1446(d). *Beleos v. Life and Casualty Ins. Co. of Tenn.*, 161 F. Supp. 627 (E.D.S.C. 1956). The *Beleos* Court in discussing the notice requirement, held that all of the procedural requirements must be met to effectuate a removal.

Sparta's failure to comply with the requirements of 28 U.S.C. §1446 dictates that this case should be remanded.

> It is to be presumed that Congress in enacting the removal statute intended to require compliance therewith. Otherwise, there was no sense in specifying the conditions to be met to effect removal. Certainly, there is nothing in the statute authorizing this Court, or any other Court for that matter, to dispense with any of

-4-

the specified conditions for removal.

*Beleos, supra* at 629. In *S.M. v. Jones*, 794 F. Supp. 638 (W.D. Tex. 1992), the court held that the removing party must strictly comply with provisions of 28 U.S.C. §1446, which are mandatory and may not be altered by the filing of other pleadings, stipulations or court orders. *See also, Rubio v. Allegheny Intern. Inc.*, 659 F. Supp.62, 63 (S.D. Fla. 1987) (removal action subject to remand upon timely motion for failure to give written notice of filing notice of removal).

Sparta's failure to comply with the requirements of 28 U.S.C. §1446 dictates that this case should be remanded.

B.   **Sparta has failed to establish that this Court has jurisdiction under § 1332(a).**

Sparta has failed to sufficiently establish that it has met the requirement of proving that the case is removable under 28 U.S.C. § 1332(a). In addition to requiring diversity of citizenship, § 1332(a) also provides that the federal court does not have jurisdiction over the matter unless the amount in controversy exceeds $75,000, exclusive of interest and costs.

Rupari's complaint filed in the Circuit Court in and for Broward County, Florida, invokes that Court's jurisdiction by alleging that it seeks damages in excess of $15,000. Rupari sued Sparta for breach of implied warranty and fraud. The actual damages sought are unliquidated and have yet to be fully determined.

In its Petition for Removal, Sparta simply makes an unsupported bold statement that "[t]he alleged amount in controversy is far in excess of $75,000.00, plus interest and expenses." Petition

CASE NO. 00-6188-CIV-DIMITROULEAS

for Removal, ¶ 7. Although in paragraph 11 of its Petition Sparta states that "there is clearly sufficient record evidence to establish that the amount in controversy is in excess of $75,000.00", Sparta does not cite to any such record evidence in support of its conclusion.

Where a plaintiff makes an unspecified claim for damages, as is the case here, the defendant has the burden of proving that the amount in controversy exceeds the jurisdictional limit. *Tapscott v. MS Dealer Service Corp.*, 77 F.3d 1353, 1357 (11th Cir. 1996); *Standridge v. Wal-Mart Stores, Inc.*, 945 F. Supp. 252, 256 (N.D. Ga. 1996).

In *Tapscott*, the court held that "where a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $50,000 jurisdictional requirement."[2] *Id.* at 1357.

In **Standridge, supra,** the plaintiff filed a state court complaint without specifying the amount of damages sought. The defendant attempted to remove the action to federal court and recited in its petition for removal that it believed that the amount in controversy exceed $50,000[3] but did not state any facts showing that plaintiff's claim more likely than not exceeded the jurisdictional amount. The court found that the defendant "failed to show that plaintiff's state court claim [was] removable on its face." *Id.* at 256.

As in *Standridge*, Sparta has failed to identify any evidence supporting its conclusory

---

[2]At the time *Tapscott* was decided, the jurisdictional amount under 28 U.S.C. § 1332(a) was $50,000. The amount was subsequently amended and is currently $75,000.

[3]See footnote 2.

-6-

CASE NO. 00-6188-CIV-DIMITROULEAS

allegation that the amount in controversy exceeds $75,000.

Removal to federal court must follow the plain meaning of the statute, which must be construed strictly, narrowly and against removal and any doubts as to whether the federal court has subject matter jurisdiction should be resolved against removal. *Hess v. Great Atlantic & Pacific Tea Co.*, 520 F. Supp. 373, 375 (N.D. Ill. 1981) (plaintiff's choice of a state forum is to be given deference and jurisdictional questions on removal are to be strictly construed against federal jurisdiction); *Holly Farms Corp. V. Taylor*, 722 F. Supp. 1152, 1156 D. Del. 1989) (right of removal should be strictly construed and federal court should order remand if there is any doubt as to right of removal); *Kluksdahl v. Muro Pharmaceutical, Inc.*, 886 F. Supp. 535 (E.D. Va. 1995).

Sparta has failed to establish the required jurisdictional amount for removal and this case should be remanded.

C.  <u>Sparta's proof of service fails to comply with Local Rule 5.2</u>.

Rule 5.2(A) of the Local Rules for the U.S. District Court for the Southern District of Florida provides in pertinent part that all papers to be served on parties shall include "a certificate of service stating the persons or firms served, *their relationship to the action or proceeding*, the date, *method* and address of service." [emphasis supplied]. The certificate on Sparta's Petition for Removal does not indicate the relationship of Sheldon J. Burnett or the method as to how it was served. Since neither Mr. Burnett nor the undersigned ever received a copy of Sparta's Petition, such defeats any presumption that Rupari received the notice required by 28 U.S.C.

-7-

CASE NO. 00-6188-CIV-DIMITROULEAS

§1446 and further supports remand of this case.

**D.     Rupari is entitled to attorneys' fees and costs.**

Pursuant to 28 U.S.C. §1447(c), Rupari is entitled to attorneys' fees and costs should this Court remand this case. "An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." *Id.* Rupari has incurred unnecessary costs and attorneys' fees in seeking remand of this case. Sparta's Petition for Removal is unwarranted.[4] Rupari respectfully submits that it is within the sound discretion of the Court to award Rupari its attorney fees, costs and expenses. *Macri v. M&M Contractors, Inc.*, 897 F. Supp. 381 (N.D. Ind. 1995); *Dunkin Donuts of America v. Family Enterprises, Inc.*, 381 F. Supp. 371 (D. My. 1974).

## CONCLUSION

Sparta has failed to properly invoke the jurisdiction of this Court by failing to meet all of the requirements of 28 U.S.C. 1446(d). Sparta has failed to promptly give Rupari notice of its Petition for Removal and establish that this Court has subject matter jurisdiction.

---

[4]**See** Rupari's Memorandum opposing Sparta's motion to dismiss and Memorandum opposing Sparta's motion to transfer. These memoranda describe facts clearly suggesting Sparta acted in bad faith to win a race to the courthouse in order to establish venue in Minnesota. Sparta's attempt to remove this case is obviously part of that scheme to get this case in front of the Minnesota court.

-8-

**SCHATZMAN & SCHATZMAN, P.A.**
9200 SOUTH DADELAND BOULEVARD • SUITE 700 • MIAMI, FLORIDA 33156

CASE NO. 00-6188-CIV-DIMITROULEAS

For these reasons, as more specifically addressed above in this Memorandum, Plaintiff, Rupari, respectfully submits that this case should be remanded to the Circuit Court in the 17th Judicial Circuit in and for Broward County, Florida.

Respectfully submitted

SCHATZMAN & SCHATZMAN, P.A.
Attorneys for Plaintiff
Suite 700, Dadeland Towers North
9200 South Dadeland Boulevard
Miami, Florida 33156
Telephone:   (305) 670-6000
Facsimile:   (305) 670-6068

By: _____
ARNOLD D. SCHATZMAN
Fla. Bar No.070862

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was delivered via U.S. mail this 24th day of February, 2000 to Michael C. Rotunno, Esquire at Marlow, Connell, Valerius, Abrams, Adler & Newman, Attorneys for Defendant, Post Office Box 339075, Miami, Florida 33233-9075.

SCHATZMAN & SCHATZMAN, P.A.
Suite 700, Dadeland Towers North
9200 South Dadeland Boulevard
Miami, Florida 33156

By: _____
ARNOLD D. SCHATZMAN

-9-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6188-CIV-DIMITROULEAS

RUPARI FOOD SERVICES, INC.,    Magistrate Judge Johnson

   Plaintiff,

vs.

SPARTA FOODS, INC.,
A Minnesota corporation,

   Defendant.
_____/

## AFFIDAVIT OF ARNOLD D. SCHATZMAN

STATE OF FLORIDA   )
          ) SS:
COUNTY OF MIAMI-DADE )

  BEFORE ME, the undersigned authority, personally appeared ARNOLD D. SCHATZMAN, who, first being duly sworn deposes and says:

  1. Your Affiant is an attorney at law admitted to practice in the State of Florida since 1964 and admitted to practice before this Court since 1965. Your Affiant is a member of the firm of Schatzman & Schatzman, P.A.

  2. While this case was pending in the Circuit Court in and for Broward County, Florida, as Case Number 00-393-CACE (21), the Broward County Circuit Court entered its Order on February 3, 2000, substituting Schatzman & Schatzman, P.A. for Sheldon J. Burnett, as counsel for the Plaintiff, Rupari Food Services, Inc. ("Rupari").

  3. Counsel for the Defendant, Sparta Foods, Inc. ("Sparta"), has been aware that Affiant would be substituting as attorney of record for Rupari ever since your Affiant had a telephone conversation on January 31, 2000 with Tom Valarius, a member of the law firm representing Sparta.

  4. Neither your Affiant personally nor Schatzman & Schatzman, P.A. has ever been served by the Defendant, Sparta, or its attorneys, with Sparta's Petition for Removal, and has not received from Sparta or its attorneys any oral or written notice thereof.

  5. Rupari has informed your Affiant that Rupari has not been served with Sparta's Petition For Removal or notice thereof.

CASE NO. 00-6188-CIV-DIMITROULEAS

6.    Affiant did not even become aware of Sparta's basis for removal until Affiant traveled to Ft. Lauderdale, Florida on February 17, 2000 and inspected the Court file.

FURTHER AFFIANT SAYETH NOT.

_____
ARNOLD D. SCHATZMAN

THE FOREGOING INSTRUMENT was acknowledged before me this ____ day of February, 2000, by ARNOLD D. SCHATZMAN, who is personally known to me, or who has produced his _____ as identification, and who did/did not take an oath.

_____
Notary Public, State of Florida at Large
My Commission Expires:



OFFICIAL NOTARY SEAL
BARBARA ZORZI
COMMISSION NUMBER
CC654695
MY COMMISSION EXPIRES
JUNE 10, 2001

-2-

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6188-CIV-DIMITROULEAS

RUPARI FOOD SERVICES, INC.,                Magistrate Judge Johnson

       Plaintiff,

vs.

SPARTA FOODS, INC.,
A Minnesota corporation,

       Defendant.
_____/

### AFFIDAVIT OF SHELDON J. BURNETT

STATE OF FLORIDA     )
                          ) SS:
COUNTY OF MIAMI-DADE )

    BEFORE ME, the undersigned authority, personally appeared SHELDON J. BURNETT, who, first being duly sworn deposes and says:

    1.    Your Affiant is an attorney at law admitted to practice in the State of Florida since 1996.

    2.    Affiant, as counsel for Rupari Food Services, Inc. ("Rupari") filed the instant lawsuit against Sparta Foods, Inc. ("Sparta") on January 10, 2000 in the Circuit Court, in and for Broward County, Florida, Case Number 00-393-CACE (21) and served as Rupari's counsel of record until relieved by the Circuit Court's Order of February 3, 2000, which substituted Schatzman & Schatzman, P.A. as new counsel for Rupari.

    3.    On January 31, 2000, I received a telephone call from Tom Valarius, who represented to me that he and his law firm were representing Sparta in this lawsuit and wanted to discuss the case. I advised him that I was being relieved as Rupari's attorney and that he should contact Arnold D. Schatzman who was in the process of being substituted as Rupari's attorney in this case.

    4.    As of the time this Affidavit is executed, I have not received any notice (oral or written) from Sparta or its attorneys that this case was removed to this Court, and have not received a copy of any petition for removal by Sparta.

FURTHER AFFIANT SAYETH NOT.

_____
SHELDON J. BURNETT

CASE NO. 00-6188-CIV-DIMITROULEAS

THE FOREGOING INSTRUMENT was acknowledged before me this 23rd day of February, 2000, by SHELDON J. BURNETT, who is <u>personally known</u> to me, or who has produced his _____ as identification, and who did/did not take an oath.

_____
Notary Public, State of Florida at Large
My Commission Expires:

```
OFFICIAL NOTARY SEAL
BARBARA RENCURRELL
NOTARY PUBLIC STATE OF FLORIDA
COMMISSION NO. CC901295
MY COMMISSION EXP. JAN. 11, 2004
```

-2-