UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FORT LAUDERDALE DIVISION

CASE NO. 00-6188-CIV-DIMITROULEAS

Magistrate Judge Johnson

RUPARI FOOD SERVICES, INC., a Florida corporation,

Plaintiff,

vs.

SPARTA FOODS, INC., a Minnesota corporation,

Defendant.
_______________________________/

**MEMORANDUM OF LAW IN**
**OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND**

Defendant, SPARTA FOODS, INC., by and through undersigned counsel, files this Memorandum of Law in Opposition to Plaintiff's Motion for Remand and, as grounds, would state:

**INTRODUCTION**

Plaintiff, RUPARI FOOD SERVICES, INC., has filed a Motion to Remand this cause to the Seventeenth Judicial Circuit Court in and for Broward County in the State of Florida. Because the argument made in that motion is flawed and the cases cited in the Memorandum are inapposite, the motion must be denied. RUPARI in support of its motion makes two arguments: (1) that SPARTA has failed to establish subject matter jurisdiction under 28 U.S.C. s 1332(a); and (2) that SPARTA FOODS, INC., has failed to comply with



the notice requirements of 28 U.S.C. s 1446(d); and. RUPARI does not contest diversity of citizenship.

## I. SPARTA HAS SUFFICIENTLY DEMONSTRATED THAT THE AMOUNT IN CONTROVERSY IS IN EXCESS OF $75,000.00.

In RUPARI's Motion for Remand, it is asserted that the SPARTA has failed to meet its burden in demonstrating that the amount in controversy in this case is greater than the $75,000.00 jurisdictional limit of this court. RUPARI argues that its Complaint filed in State Court seeks damages in an unspecified amount "in excess of $15,000.00." However, based on the documents filed with SPARTA's Petition for Removal, it has been clearly demonstrated to this Court that the amount in controversy far exceeds $75,000.00.

In cases where the initial State Court Complaint contains only a minimal jurisdictional amount allegation and is silent as to the specific damages claimed, it is appropriate for the Court to look outside of the allegations of the Complaint at supporting documentation as well as for the Court to use its own experience and discretion in determining whether the amount in controversy is in excess of $75,000.00. *Callaway v.BASF Corporation 810 F. Supp. 191 (S.D. Text. 1993)*. (Where case alleged various employment torts, character of claims alone are sufficient to establish amount in controversy is in excess of jurisdictional minimum). This is especially appropriate where plaintiff has not stated or stipulated that the amount in controversy is *less* than the jurisdictional minimum. Id. at 192. In order to prevail in a Motion for Remand, the Plaintiff must demonstrate that it appears to a "legal certainty" that Plaintiff's suit is for less than the

requisite jurisdictional amount. Id. at 192 citing *St. Paul Mercury Indemnity Company v. Red Cab Company*, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938).

In the case at bar, while RUPARI has repeatedly stated that SPARTA has failed to establish that the jurisdictional amount has been met, RUPARI **never** indicates that they are seeking less than $75,000.00 in damages. As a result, this Court must look outside of the minimal jurisdictional allegation in RUPARI 's State Court Complaint, to the documentation in the file in order to determine whether RUPARI can show to a "legal certainty" that the amount in controversy is less than $75,000.00. (See, *St. Paul, Supra*, 303 U.S. at 289, 58 S. Court at 590).

In their Motion for Remand and Memorandum of Law in support, RUPARI claims that SPARTA simply makes an unsupported statement that the amount in controversy is in excess of $75,000.00. An examination of the Petition for Removal indicates that this is simply not true. Attached to the Petition for Removal is a copy of the Minnesota Complaint along with a copy of the supply agreement.

Pursuant to the supply agreement, RUPARI was required to purchase over 100,000 cases of product at over $10.00 per case. Simple arithmetic indicates that the amount that RUPARI was required to purchase at the initial stages alone was over $1 Million Dollars. Combining that with that amount RUPARI already owes SPARTA as is stated in the Minnesota Complaint, it is absolutely undeniable that the amount in controversy exceeds $75,000.00.

Additionally, attached hereto as Exhibit "A" is the Affidavit of David Meyer, counsel for SPARTA in the Minnesota action. As is demonstrated by the enclosed Affidavit, RUPARI's counsel indicated that they would be seeking damages in the millions of dollars. Combining the ramifications of RUPARI's State Court Complaint regarding the lack of product quality where the contract calls for over a million dollars in initial orders alone with transactions described in the Minnesota case, the amount in controversy unequivocally exceeds $75,000.00.

In *Golden Apple Management Company, Inc. v. GAC Computers, Inc.*, 990 F.Supp. 1364 (M.D. Ala., 1998), the Court considered a Motion for Remand regarding the amount in controversy. In *Golden Apple*, the Court considered "other papers" in the form of a settlement negotiation letter, despite the fact that the settlement negotiation letter was not filed with the Court. The Court held that since the defendants had actual knowledge that plaintiffs were seeking in excess of the jurisdictional amount, despite the fact that the State Court Complaint alleged only a State jurisdictional amount, remand was appropriate where defendants failed to petition for removal within the 30 day period.

In *Garza v. Bettcher Industries, Inc.*, 752 F.Supp. 753 (E.D. Minn., 1990), the Court likewise considered a settlement demand in ruling on a motion for remand. Converse to *Golden Apple*, defendant relied upon the settlement demand made by plaintiff's counsel in the petition for removal and plaintiff moved for remand arguing that despite the settlement demand far in excess of the Federal Court's jurisdictional limit, there was no record evidence of the value of the case. In granting defendant's motion for

reconsideration and vacating the Order of Remand, the Court held that the plaintiff's settlement demand was sufficient evidence to demonstrate that it was more likely than not that the amount in controversy was in excess of the jurisdictional amount, $50,000 at the time of that decision. (*See, Partlow v. Jones Motor Co., Inc.*, 736 F.Supp. 744 (E.D. Mich., 1996), remand denied where Complaint alleged minimal jurisdictional State Court amount but numerous personal injuries alleged sufficient to establish amount in excess of $75,000.00).

RUPARI's argument places SPARTA in the proverbial "catch 22". Based on RUPARI's counsel's remarks as is stated in the Affidavit of David Meyer and based on SPARTA's knowledge of the contents of the business transaction between SPARTA and RUPARI, SPARTA had actual knowledge that the amount in controversy between SPARTA and RUPARI was far in excess of $75,000. Following RUPARI's argument, although RUPARI has never stated or stipulated that they are seeking less than $75,000, RUPARI would have SPARTA wait until initial discovery phases were concluded in order to determine what they already know. Thereafter, SPARTA would be unable to remove under the *Golden Apple* and *Garza* line of cases because of the actual knowledge on the part of SPARTA that more than $75,000.00 was in controversy all along. It is faithfully submitted that counsel for RUPARI is fully aware that if their lawsuit proceeds, they will be seeking far in excess of $75,000.00 and, therefore, this argument seeks to put form over content.

**II. DEFENDANTS HAVE COMPLIED WITH THE NOTICE REQUIREMENTS**

Plaintiff's notice argument is based upon the claim that neither Sheldon J. Burnett

nor Arnold D. Schatzman received notice by mail of Defendant's Notice of Removal. A review of the petition for removal indicates that the undersigned served, by U.S. mail, the petition on RUPARI'S counsel of record at the time. (See attached affidavit of the undersigned's secretary, BARBARA LORENZO stating that the petition was served on counsel of record.) RUPARI'S argument regarding the timing of the mailing is without merit. The order officially substituting counsel was not copied to the undersigned. As a result, since the petition was served on counsel of record at the time of filing to the undersigned's knowledge, the presumption of notice applies.

**III. RUPARI HAS FAILED TO DEMONSTRATE PREJUDICE EVEN IF THE PETITION FOR REMOVAL WAS NOT RECEIVED UPON MAILING**

Even if RUPARI did not receive the petition when it was filed, RUPARI has failed to show that it suffered any prejudice. The eleventh circuit addressed procedural arguments as RUPARI is asserting in *Peterson v. BMI Refractories,* 124 F.3d 1386 (11th Cir. 1997). In *Peterson*, the plaintiff moved for remand arguing that defendant had failed to file the appropriate notice with the state court. The court held that the defect was procedural in nature and was not fatal to the removal. This issue was also addressed by the Court in *L&O Partnership 2 v. Aetna Casualty & Surety Company*, 761 F.Supp. 549 (N.D.Ill. 1991). In *L&O*, plaintiff' claimed that it did not receive notice of removal from the defendant until its lawyer received an appearance and Rule 39 affidavit form from the Clerk of the Federal Court. The *L&O* court noted Aetna's documented attempt to notify L & O of its petition appeared credible and uncontroverted. The notice of removal and the supporting

documents were signed by the lawyer for Aetna. The original and several copies were filed in the court. The remaining copies were retained by Aetna for mailing. The Certificate of Service filed in the Federal Court at the time of the Complaint indicated that the copies were mailed to the lawyer for the plaintiff and others. The *L & O* court held that the plain language of §1446(d) did not compel so strict a construction as argued by the plaintiff. It noted that "that provision merely directs that the defendant or defendants shall give written notice promptly" (emphasis added). Thus, the Court held that where defendants make a good faith effort to give notice, and where plaintiffs suffer no prejudice as a result of the failure of that attempt, the requirements of §1446(d) are sufficiently fulfilled to effect removal. To hold otherwise would hinge the success of removal on the vagaries of the postal service and in-house mailrooms. In the alternative, the court stated it could consider Aetna's response to L & O's motion to remand as notice of removal. 761 F. Supp. at 552 n 4. In this case, it is clear that RUPARI suffered no prejudice as a result of claimed failure of the post office to complete delivery of the notice to former counsel for RUPARI.

Other courts addressing RUPARI's argument have uniformly refused to accept the resort to the vagaries of the postal system and resultant hyper-technical arguments. It is clear that prejudice is required in order to support a remand. In *Okolie v. Transunion LLC*, 1999 W.L. 458165 (E.D.N.Y., 1999), the Court stated:

> Plaintiff has not shown, nor does he even contend, that he was in anyway prejudiced by a delay in receiving the notice of removal. Consequently, assuming (without deciding) that defendant did not provide plaintiff with notice of the petition for removal "prompt" after filing it, plaintiff suffered no prejudice as a result of the alleged delay.

> Any delay, therefore, does not justify remanding the case to State Court.

The Court in *Okolie* court was addressing a situation which the plaintiff argued that he had never received notice by mail. He conceded, as is conceded in this case, however, that he did receive the actual notice. *See also Siciansk v. Reliance Funding Corporation*, 461 F.Supp. 649 (S.D.N.Y, 1978) (technical defect and removal petition was irrelevant where there was no serious prejudice to the plaintiff). *Gay v. Carlson*, 1990 W.L. 20172 (S.D. N.Y.)(technical defects in removal procedures are not fatally defective); *Pittman v. Monumental Life Insurance Company*, 1998 W.L. 378359 (N.D.Miss.) (Where one of the plaintiffs' attorneys had not "received by service from any of the Defendants the Notice of the Notice of Removal ... or any Notice filed with the Mississippi state court with regard to removal of this action," Plaintiff's counsel obviously was aware of the removal when he complained that he had not initially received written notice but did receive written notice within nine days of removal. The plaintiffs were not prejudiced by the delay in service since the motion to remand was timely filed.)

In the case at bar, assuming that RUPARI's counsel did not receive the Petition for Removal when it was filed with this court, there was sufficient actual notice. Less than one week after filing the Petition for Removal, Defendants filed their Motion to Transfer where it is unequivocally averred that the case was removed on diversity grounds. Additionally, this court issued an order less than one week after the cause was removed to show cause why the case should not be dismissed, clearly indicating the case was pending in Federal

Court. There has been no contention that those documents were not received by either counsel. A review of this Motion for Remand indicates that RUPARI'S counsel was on notice of the removal to Federal court and suffered no prejudice. Additionally, in an abundance of caution, a second copy of the Petition for Removal was sent by certified mail to RUPARI'S counsel two business days after the undersigned was first informed that RUPARI was contending that the Petition for Removal was never received in their motion for remand. Since there has been no prejudice, this cause should not be remanded.

*Rubio v. Alliganian International, inc.*, 659 F.Supp. 62 (S.D.Fla., 1987), cited by RUPARI, does not support RUPARI's position. In *Rubio*, there the defendant failed to timely file a memorandum of law opposing remand to State Court, and consequently the Court justified its remand. *A.M. v. Jones*, 794 F.Supp. 638 (W.D.Tex., 1992), is similarly inapposite. There, the notice of removal was filed on the 31st day after the defendants received notice of a state action. The Court held that 31 days was untimely because under the computation established by Rule 6, the last day for a timely notice of removal was May 27, 1992. Because the removal was filed on May 28, 1992, the court had no jurisdiction under §1446(b). Here there has been no argument that the removal was untimely. SPARTA has complied with the removal statutes and, therefore, this case should not be remanded.

## CONCLUSION

The documentation in the file clearly and unequivocally indicates that the amount in controversy far exceeds $75,000.00. RUPARI has never stated or stipulated that they

are seeking less than $75,000.00 and, therefore, the Court is invited, pursuant to Federal case law, to examine documents outside of the State law Complaint filed by RUPARI. Those documents indicate that the amount in controversy pursuant to the supply agreement was far in excess of $75,000.00. Additionally, RUPARI's counsel announced prior to litigation that they would be seeking damages in the millions in the lawsuit in which they are currently proceeding. As a result, RUPARI's argument that SPARTA has failed to demonstrate to this Court that the amount in controversy is greater than $75,000.00 is completely devoid of merit. RUPARI has not demonstrated to a "legal certainty" that the amount in controversy is less than the jurisdictional minimum. As a result, this Court should deny RUPARI's Motion for Remand.

The Petition for Removal filed by SPARTA in this case and the undersigned was certified as being served on counsel of record at the time Sheldon Burnett. Based on the Certificate of Service and the Affidavit of Barbara Lorenzo, the mailing was done to the appropriate address, to the appropriate attorney of record at the time and, therefore, pursuant to Federal law, plaintiff's are presumed to have received written notice. Less than one (1) week later, in the motion to transfer, RUPARI was unequivocally put on notice that a Petition of Removal had been filed in two subsequent filings. As a result, the written notice requirement was clearly satisfied. As a courtesy, a second copy was delivered on counsel of record 2 business days after the undersigned was first informed that counsel for RUPARI was claiming to have never received the Petition for Removal. Even if this Court accepts the invitation to entertain the notion that the Petition for Removal was not

received by Sheldon Burnett, RUPARI clearly has been put on adequate written notice, has had the opportunity to file a Motion for Remand which is currently under consideration for the Court and, therefore, any deficiencies are merely procedural in nature and are not prejudicial to RUPARI.

Respectfully submitted,

MARLOW, CONNELL, VALERIUS
ABRAMS, ADLER & NEWMAN
2950 Southwest 27th Ave. Ste. 200
Post Office Box 339075
Miami, Florida 33233-9075
Direct Line: (305) 460-6537
Attorneys for Sparta Foods, Inc.

By:______________________
**MICHAEL C. ROTUNNO**
**Fla. Bar No.: 0861979**

By:______________________
**WILLIAM G. LISTON**
**Fla. Bar No.: 332542**

CASE NO. 00-6188-CIV-DIMITROULEAS
Magistrate Judge Johnson

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a true and correct copy of the foregoing was served by certified mail on March 10, 2000 to:

ARNOLD D. SCHATZMAN, ESQ.
Schatzman & Schatzman, P.A.
Suite 700, Dadeland Towers North
9200 South Dadeland Boulevard
Miami, Florida 33156
Attorney for Plaintiff

MARLOW, CONNELL, VALERIUS
ABRAMS, ADLER & NEWMAN
2950 Southwest 27th Ave. Ste. 200
Post Office Box 339075
Miami, Florida 33233-9075
Direct Line: (305) 460-6537
Attorney for Sparta Foods, Inc.

By:______________________
**MICHAEL C. ROTUNNO**
**Fla. Bar No.: 0861979**

I:\ROTUNNO\Rupari Food\Pleadings\Federal Court\Memolaw.op2

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SEVENTH DISTRICT OF FLORIDA**

---

Rupari Food Services, Inc.,

Plaintiff,

Case No. 00-6188-CV-Dimitrouleas
Magistrate Judge Johnson

v.

**AFFIDAVIT OF**
**DAVID D. MEYER**

Sparta Foods, Inc.,
a Minnesota Corporation,

Defendant.

---

STATE OF MINNESOTA )
) ss.
COUNTY OF HENNEPIN )

DAVID D. MEYER, being first duly sworn, states:

1. I am an attorney with the law firm of Fredrikson & Byron, P.A., Minnesota counsel for Sparta Foods, Inc.

2. In connection with my representations of Sparta, I participated in a telephone conference on January 6, 2000, with Sheldon Burnett, counsel for Rupari Food Services, Inc., and two other representatives of Rupari. During that conference, Mr. Burnett informed me that he was planning to sue Sparta on behalf of Rupari in Florida state court, and that the Florida state court lawsuit would seek a judgment against Sparta in excess of 40 million dollars. On January 10, 2000, Rupari filed this matter in Florida state court.

[signature]
David D. Meyer

Subscribed and sworn to before me
this 9th day of March, 2000.

[signature: Catherine C. Thomas]
Notary Public

CATHERINE C. THOMAS
NOTARY PUBLIC-MINNESOTA
My Commission Expires Jan. 31, 2005

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FORT LAUDERDALE DIVISION

CASE NO. 00-6188-CIV-DIMITROULEAS
Magistrate Judge Johnson

RUPARI FOOD SERVICES, INC., a Florida corporation,

Plaintiff,

vs.

SPARTA FOODS, INC., a Minnesota corporation,

Defendant .
__________________________________/

**AFFIDAVIT OF BARBARA LORENZO**

STATE OF FLORIDA)
: ss
COUNTY OF MIAMI )

BEFORE ME personally appeared BARBARA LORENZO, who after being first duly sworn, deposes and states as follows:

1. I am BARBARA LORENZO, secretary for MICHAEL C. ROTUNNO, counsel of record for SPARTA FOODS, INC., in the above-referenced action.

2. On February 4, 2000, I served by U.S. Mail, a copy of the Petition for Removal filed by SPARTA in this case onto Sheldon Burnett, counsel of record for RUPARI FOOD SERVICES, INC., at that time to our knowledge.

3. Based on documentation contained in your Affiant's computer, the appropriate envelope was created and automatically produced when the document was printed and readied for submission. The address contained on the Certificate of Service

CASE NO. 00-6188-CIV-DIMITROULEAS
Magistrate Judge Johnson

is the correct address to the best Affiant's knowledge and based on the Summons and Complaint filed by Sheldon Burnett.

4. Lastly, it is further attested that to date, the United States Post Office has not returned undelivered a copy of the Petition for Removal served upon Mr. Burnett.

FURTHER AFFIANT SAYETH NAUGHT.

AFFIANT

**THE FOREGOING** document was acknowledged before me, an officer duly authorized in the State and County aforesaid, to take acknowledgements, this ___ day of ___, 2000, by ___ who:

( ) is personally known to me; or
( ) has produced ___ as identification; and who:
( ) did or
( ) did not take an oath

and who executed the within document, and who acknowledged that the within document was freely and voluntarily executed for the purposes therein recited.

NOTARY PUBLIC STATE OF FLORIDA
DAWN ANGULO
COMMISSION # CC 594562
EXPIRES OCT 20, 2000
BONDED THRU
ATLANTIC BONDING CO., INC.

NOTARY PUBLIC

Respectfully submitted,

MARLOW, CONNELL, VALERIUS
ABRAMS, ADLER & NEWMAN
2950 Southwest 27th Ave. Ste. 200
Miami, Florida 33233-9075
Direct Line: (305) 460-6537
Attorneys for Sparta Foods, Inc.

By: ___
**MICHAEL C. ROTUNNO**

CASE NO. 00-6188-CIV-DIMITROULEAS
Magistrate Judge Johnson

**CERTIFICATE OF SERVICE**

WE HEREBY CERTIFY that a true and correct copy of the foregoing was served on March 10, 2000 via certified mail to:

ARNOLD D. SCHATZMAN, ESQ.
Schatzman & Schatzman, P.A.
Suite 700, Dadeland Towers North
9200 South Dadeland Boulevard
Miami, Florida 33156

MARLOW, CONNELL, VALERIUS
ABRAMS, ADLER & NEWMAN
2950 Southwest 27th Ave. Ste. 200
Post Office Box 339075
Miami, Florida 33233-9075
Direct Line: (305) 460-6537
Attorneys for Sparta Foods, Inc.

By:____________________________
**MICHAEL C. ROTUNNO**
**Fla. Bar No.: 0861979**

I:\ROTUNNO\Rupari Food\Pleadings\Federal Court\BL-AFF.01\bl