UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6188-CIV-DIMITROULEAS

RUPARI FOOD SERVICES, INC.,                    Magistrate Judge Johnson
a Florida corporation,

        Plaintiff,

vs.

SPARTA FOODS, INC.,
a Minnesota corporation,

        Defendant.
_____/



## PLAINTIFF'S REPLY TO DEFENDANT'S MEMORANDUM
## OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND

COMES NOW the Plaintiff, RUPARI FOOD SERVICES, INC. ("Rupari"), by and

through its undersigned attorneys and files this, its reply to the Defendant, SPARTA FOODS,

INC.'s ("Sparta") Memorandum of Law in Opposition to Plaintiff's Motion for Remand, and says:

A.    **Burden of Proof.**

Sparta has apparently misread its cited cases and attempted to shift its burden of proof to

Rupari.  Contrary to Sparta's argument, Sparta bears the burden of demonstrating it has met the

removal requirements.  Tapscott v. MS Dealer Service Corp., 77 F.3d 1353 (11th Cir. 1996);

Dawson v. Orkin Exterminating Co. Inc., 736 F.Supp. 1049 (D. Colo. 1990); Kovell v

Pennsylvania Railroad Company, 129 F.Supp. 906 (N.D. Ohio 1954).  Moreover, removal

jurisdiction is strictly and narrowly construed with all doubts favoring remand.  Standridge v.

Wal-Mart Stores, Inc., 945 F.Supp. 252, 255-6 (N.D. Ga. 1996)(and cases cited therein); Hess

v. Great Atlantic & Pacific Tea Co., 520 F.Supp. 373 (N.D. Ill. 1981).

B.    **Defendant has Failed to Meet the Notice Requirements of 28 U.S.C. §1446(d).**

**SCHATZMAN & SCHATZMAN, P.A.**
**9200 SOUTH DADELAND BOULEVARD • SUITE 700 • MIAMI, FLORIDA 33156**



CASE NO. 00-6188-CIV-DIMITROULEAS

As its offer of proof that Rupari received the requisite prompt notice of removal, Sparta submits an affidavit of its counsel's secretary, Barbara Lorenzo. Ms. Lorenzo's affidavit is not based upon personal knowledge.[1] It is made based upon information she finds in her computer, i.e. that appropriate documentation was created by the computer for mailing - not that anything was, in fact, mailed. This affidavit does not dispute the previously filed affidavits of Sheldon J. Burnett or Arnold D. Schatzman that neither received the notice as required by 28 U.S.C. §1446(d). To the contrary, Ms. Lorenzo's affidavit does not even address the fact that Sparta made no attempt to put Arnold D. Schatzman on notice of the removal, even though Sparta's attorneys were fully aware Mr. Schatzman was in the process of becoming Rupari's substituted counsel. See Arnold D. Schatzman's affidavit filed with Rupari's memorandum supporting remand, paragraph 3.

It is no consolation to Sparta that, at the time of Rupari's substitution of counsel, Sparta's attorneys were not aware that substitution had occurred. When the substitution order was submitted to the state court, Rupari had not received any response to the lawsuit and was unaware of any legal representation of Sparta. A conformed copy of the order was sent directly to Sparta. Immediately upon being advised of Sparta's counsel in this case, a copy of the order granting substitution was also sent to Sparta's attorneys.

Although it is true that Sparta sent Rupari's counsel a "courtesy" copy of Sparta's Petition

---

[1]The affidavit's failure to be predicated upon personal knowledge puts the sufficiency of its value and weight in question. See for example Hahn v. Frederick, 66 So.2d 823, 825 (Fla. 1953) (affidavit not made on personal knowledge is insufficient where affidavit required as to the substantive truth of facts stated and not merely as to good faith); Montejo Investments, N.V. v. Green Companies, Inc.,471 So.2d 158 (Fla. 3rd DCA 1985).

-2-

CASE NO. 00-6188-CIV-DIMITROULEAS

for Removal, Sparta fails to inform the Court that this "courtesy" copy was sent March 1, 2000, six (6) days after Rupari had served Sparta with its Motion for Remand and twenty-six (26) days after filing its Petition for Removal. In Sparta's attorney, Michael C. Rotunno's, March 1, 2000 cover letter, Mr. Rotunno states: "Sparta Foods and the undersigned will vigorously contest any assertion that Sheldon Burnett did not receive a copy of our initial Petition." (This letter is attached as Exhibit "A").

In response to Mr. Rotunno's March 1, 2000 letter, Arnold D. Schatzman wrote Mr. Rotunno on March 2, 2000, acknowledging the receipt of the "courtesy" copy of the Petition (even though not promptly furnished), and further advised Mr. Rotunno: "If you have evidence of the delivery of the Petition to Mr. Burnett, please promptly furnish me a copy of the same so that I may attempt to resolve this issue with you." (This letter is attached as Exhibit "B".) Other than having received Sparta's memorandum opposing remand and attached affidavits, Rupari and Mr. Schatzman have received nothing responsive to Mr. Schatzman's request.

Sparta argues that its failure to provide prompt notice required by 28 U.S.C. §1446(d) is a mere technical defect which is not fatal to removal. Sparta's argument ignores the clear holdings in La Maina v. Brannon, 804 F.Supp. 607 (D.N.J. 1992) and cases cited in Rupari's initial Memorandum, which provide that failure to give the statutory notice warrants remand.

Sparta's cited case of Gay v. Carlson, 1990 W.L. 20172 (S.D.N.Y.) is an unreported case that did not deal with a notice issue. The question in Gay was whether a petition for removal which stated that all defendants consented to removal, but was not signed by all of them, satisfied a §1446 requirement that all defendants join in the petition. That court held there was no

-3-

requirement or all defendants to sign the petition in order to join in the removal. Hence, the statute was satisfied and remand denied. This same issue was the subject matter of the court's ruling in Sparta's cited case, Sicinski v. Reliance Funding Corporation, 461 F. Supp. 649 (S.D.N.Y. 1978). The Sicinski court was also asked to consider whether the defendant's answer was timely filed pursuant to Rule 81(c), Fed.R.Civ.P. and held that, although that statutory removal requirement must be strictly complied with, timely filing of an answer under Rule 81(c) was not such a requirement.

Unlike the lack of statutory language in §1446 to require defendants' signature on the removal notice, §1446 specifically requires Sparta to give prompt written notice to Rupari.

Sparta argues that Rupari is not prejudiced by Sparta's failure to give the required notice, relying upon the unreported cases of Okolie v. Trans Union LLC, 1999 W.L. 458165 (E.D.N.Y.) and Pittman v. Monumental Life Insurance Co., 1998 W.L. 378359 (N.D. Miss.). However, aside from being unreported cases, the facts of these cases suggest that the plaintiff in those cases may not have been prejudiced. In Pittman, one of plaintiff's counsel was provided proper notice and plaintiff's co-counsel received notice within nine (9) days of removal. In Okolie, plaintiff acknowledged receiving a copy of the petition for removal with the state court's removal notice. These facts do not exist in the case sub judice to establish the non-existence of prejudice.

Sparta also cites L&O Partnership No. 2 v. Aetna Cas. And Sur. Co., 761 F. Supp. 549 (N.D. Ill. 1991) for the proposition that defects of notice do not require remand. The L&O court recognized case law holding that good intentions of a removing party do not overcome the requirement to comply with the removal statute, but found that the defendant's good faith attempt

-4-

to give notice was sufficient to prevent remand.

In the case at bar, Sparta has not demonstrated good faith.  Sparta has only offered for the court's consideration and affidavit that tells the court what appears in Sparta's attorney's computer.[2]  No one claims to even have placed a notice in the mail to Mr. Burnett.  Moreover, Sparta fails to explain, knowing Arnold D. Schatzman was Rupari's substituted counsel, why Sparta never sent a copy of the notice to Mr. Schatzman until six (6) days after Rupari served its motion for remand.

Sparta additionally misstates the holding of <u>Peterson v. BMI Refractories</u>, 124 F.3d 1386 (11th Cir. 1997).  The court in <u>Peterson</u> considered two removal issues: (1) whether removal to the wrong district court was a defect requiring remand, and (2) whether notice of removal was properly filed with the state court to avoid remand.  The Eleventh Circuit answered the first question by holding the geographic component of 28 U.S.C. §1441(a) was in the nature of a venue provision which could be waived and found that the parties engaged in extensive litigation in the district court without objecting to the court's venue, thereby waiving the geographic defect.  As to the second question, the court found that the district court had determined that the removal notice had properly been filed in the state court and did not disturb the district court's finding since it was not clearly erroneous.

The instant case is not concerned with venue issues or whether notice to the state court was given.  The case at bar deals with Sparta's failure to follow the plain meaning of §1441(d),

_____

[2]Although Sparta may have intended to give Rupari notice, the fact of the matter is that Sparta did not.

-5-

requiring prompt written notice of removal to Rupari. Rupari submits that Sparta's failure to follow this requirement is fatal to removal. Even if waiver would defeat remand, the record is undisputable that Rupari has not waived this issue. Peterson, supra, does not apply factually or legally to the case at bar.

Cases Rupari cites in its initial Memorandum, when applied to the facts of the case, establish Sparta's failure to give the required notice dictates this case be remanded.

C.    **Sparta has Failed to Establish This Court has Jurisdiction Under §1332(a).**

In response to Section I. of Sparta's Memorandum of Law in Opposition to Plaintiff's Motion for Remand, Rupari submits that Sparta has incorrectly advised this Court of the appropriate standard of proof and that Sparta has failed to sufficiently demonstrate the existence of an amount in controversy in excess of $75,000.00.

Sparta cites to Calloway v. BASF Corp., 810 F.Supp. 191 (S.D. Tex. 1993) for the proposition that the court may look outside of the allegations of the complaint to determine whether the amount in controversy meets the jurisdictional requirements where a complaint alleges only a minimal jurisdictional amount. While this may be true in certain circumstances, Sparta suggests that this Court must look to Sparta's complaint and attachments thereto filed in the Minnesota District Court as guidance to determine the amount in controversy claimed by Rupari in this case. Assuming that the law would permit this Court to consider evidence outside of the complaint, consideration of the Minnesota complaint is inappropriate as it involves Sparta's claims in a different lawsuit, not Rupari's claims in the case at bar. The propriety of removal depends upon the complaint framed by Rupari in this case. Navarro v. Subaru of America Operations

-6-

CASE NO. 00-6188-CIV-DIMITROULEAS

Corp., 802 F.Supp. 191 (N.D. Ill. 1992); Stransky v. American Isuzu Motors, Inc., 821 F.Supp. 1103 (E.D. Pa. 1993).

Sparta's analysis of the U.S. Supreme Court's decision in St. Paul Mercury Indemnity Co. v. Red Cab Company, 303 U.S. 283, 58 S.Ct. 586, 82 L.Ed. 845 (1938) is misplaced. In St. Paul Mercury Indemnity Co., the Supreme Court explained that where a plaintiff initially files a case in federal court, it is the plaintiff's burden to prove to a "legal certainty" that its claim meets the jurisdictional amount. In that case the plaintiff filed a state court action and alleged an amount greater than the federal jurisdictional amount. The defendant removed the case to federal court and the plaintiff later amended its complaint reducing the claim to an amount that was less than the jurisdictional requirement. The court held that, after removal, a federal court will not lose jurisdiction as a result of a subsequent amendment. Id., at 303 U.S. 292, 58 S.Ct. 592. In citing to St. Paul Mercury Indemnity Co. Sparta suggests to this Court that, in order to prevail on its motion for remand, Rupari must demonstrate that it appears to a "legal certainty" that Rupari's suit is for less than the jurisdictional amount. This is an incorrect statement of the law and of the holding in St. Paul Mercury Indemnity Company. As evidenced above, the facts and analysis applied in St. Paul Mercury Indemnity Company are clearly inapplicable to the case at bar.

The appropriate test to be applied by this Court is whether Sparta has proved by a preponderance of the evidence that the amount in controversy is more likely than not greater than the jurisdictional requirement. Tapscott v. MS Dealer Service Corp., 77 F.3d 1353, 1357 (11th Cir. 1996).

In attempting to supplement its Petition for Removal, Sparta now attaches to its responsive

-7-

**SCHATZMAN & SCHATZMAN, P.A.**
**9200 SOUTH DADELAND BOULEVARD • SUITE 700 • MIAMI, FLORIDA 33156**

CASE NO. 00-6188-CIV-DIMITROULEAS

memorandum, an affidavit stating that Rupari's counsel made a comment that Rupari would be

filing a complaint seeking millions of dollars. As evidenced by the affidavit of Sheldon Burnett,

attached hereto as Exhibit "C", Mr. Burnett denies making any such comment. However, even

if the comment was made, it is undisputed that the telephone conversation referred to in Mr.

Meyer's affidavit occurred prior to Rupari filing this lawsuit and concerned settlement discussions.

Therefore, any comment made by Mr. Burnett would be inadmissible. Further, in Standridge v.

Wal-Mart Stores, Inc., 945 F.Supp. 252, 256 (N.D. Ga. 1996), the court stated:

> Defendant also stated removal is proper because plaintiff's attorney
> sent a settlement demand letter to defendant, offering to settle for
> $75,000. Plaintiff's demand letter, however, was sent to the
> defendant on May 22, 1996, approximately two weeks before
> plaintiff filed her case. As such, plaintiff's letter is nothing more
> than posturing by plaintiff's counsel for settlement purposes and
> cannot be considered a reliable indicator of the damages plaintiff is
> seeking. Accordingly, plaintiff's demand letter does not show
> removal jurisdiction as proper in this court.

In Navarro v. Subaru of America Operations Corp., 802 F.Supp. 191, 194 (N.D. Ill.

1992) the court remanded because the complaint filed in the state court alleged only the

$30,000.00 minimum jurisdictional amount of the state court, even though the plaintiff did not

object to removal. The court adopted as the soundest rule, the approach applied in Navarro v.

LTV Steel Co., 750 F.Supp. 930, 931 (N.D. Ill. 1990) that "'. . . it remains preferable to make

removal depend upon certainty,' not on probability and assumption." Addressing the defendant's

assertion supporting its removal application, that plaintiff's counsel in a telephone conversation

stated that plaintiff's damages exceed the amount in controversy requirement of 28 U.S.C. §1332,

the court ruled in Navarro v. LTV Steel Co., supra, at 194:

-8-

CASE NO. 00-6188-CIV-DIMITROULEAS

In our adversary system, federal jurisdiction should not turn on telephone "puffing" from counsel for the plaintiff, who may want to increase his or her settlement potential or recovery, or counsel for defendant, who may be receptive to the puffing for purposes of removal.

See also Golden v. Dodge-Markham Co., 1 F.Supp.2d 1360 (M.D. Fla. 1998) (court would not consider settlement demand in determining amount in controversy where defendant could not prove settlement demand represented an honest assessment of plaintiff's damages. Plaintiff's failure to stipulate that the amount in controversy was less than $75,000.00 could not be used to support defendant's position that jurisdictional amount was met.); Bonnell v. Seaboard Air Line R.R. Co., 202 F.Supp. 53 (N.D. Fla. 1962) (settlement letter not considered as determinative of amount in controversy).

Sparta cites two cases for the proposition that a settlement letter or discussion can be used in determining the amount in controversy. Rupari would submit that in Garza v. Bettecher Industries, Inc., 752 F.Supp. 753 (E.D. Minn. 1990), the court considered, not only plaintiff's counsel's comment to defense counsel that plaintiff's claim would exceed $50,000.00, but also considered the nature and extent of the damages sought in plaintiff's complaint which clearly suggested that the amount in controversy met the jurisdictional requirement. Rupari is suing for breach of warranty and fraud. Neither the allegations of the complaint, nor the nature of the actions, definitively suggest that the jurisdictional requirements of this Court are met. As stated above, Sparta has failed to include in its Petition for Removal, or otherwise, any evidence that Rupari's complaint seeks damages in excess of $75,000.00.

-9-

**SCHATZMAN & SCHATZMAN, P.A.**
9200 SOUTH DADELAND BOULEVARD • SUITE 700 • MIAMI, FLORIDA 33156

CASE NO. 00-6188-CIV-DIMITROULEAS

## CONCLUSION

Sparta has failed to meet its burden to establish that Sparta has complied with the requirements of 28 U.S.C. §1446. Sparta's attempt to remove this case to this Court is fatally defective and Rupari submits that this case should be remanded to the Circuit Court in and for Broward County, Florida.

Respectfully submitted,

**SCHATZMAN & SCHATZMAN, P.A.**
Attorneys for Plaintiff
Suite 700 Dadeland Towers North
9200 South Dadeland Boulevard
Miami, Florida 33156
Telephone: (305) 670-6000
Facsimile: (305) 670-6068

By:_____
**ARNOLD D. SCHATZMAN**
Fla. Bar No.070862

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing was delivered via U.S. mail this ___ day of March, 2000 to Michael C. Rotunno, Esq. at Marlow, Connell, Valerius, Abrams, Adler & Newman, Sparta Counsel, Post Office Box 339075, Miami, FL 33233-9075.

**SCHATZMAN & SCHATZMAN, P.A.**
Attorneys for Plaintiff
Suite 700 Dadeland Towers North
9200 South Dadeland Boulevard
Miami, Florida 33156
Telephone: (305) 670-6000
Facsimile: (305) 670-6068

By:_____
**ARNOLD D. SCHATZMAN**
Fla. Bar No.070862

-10-

**SCHATZMAN & SCHATZMAN, P.A.**
9200 SOUTH DADELAND BOULEVARD • SUITE 700 • MIAMI, FLORIDA 33156

CASE NO. 00-6188-CIV-DIMITROULEAS

## EXHIBITS

A.    Sparta's attorney, Michael C. Rotunno's, letter to Arnold D. Schatzman, dated March 1, 2000

B.    Rupari's attorney, Arnold D. Schatzman's, letter to Michael C. Rotunno, dated March 2, 2000

C.    Affidavit of Sheldon J. Burnett

# ADDITIONAL

# ATTACHMENTS

# NOT

# SCANNED

## PLEASE REFER TO COURT FILE