UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 00-6188-CIV-DIMITROULEAS

RUPARI FOOD SERVICES, INC.,

Plaintiff,

vs.

SPARTA FOODS, INC., a Minnesota corporation,

Defendant.
_____/

Magistrate Judge Johnson



FILED by _____ D.C.

MAY 1 2 2000

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA. FT. LAUD

## **FINAL ORDER OF REMAND**

THIS CAUSE is before the Court upon Defendant's Motion to Dismiss [DE 1],
Defendant's Motion to Transfer [DE 3], Plaintiff's Motion for Remand [DE 7] and the parties'
Joint Motion for Extension of Time [DE 15] to file scheduling report. The Court has carefully
considered the motions and is otherwise fully advised in the premises.

### I. BACKGROUND

Plaintiff Rupari Food Services, Inc. ("Rupari" or "Plaintiff"), a Florida based company,
initiated this lawsuit in Florida state court alleging breach of contract and fraud in connection
with the sale of goods by Defendant Sparta Foods, Inc. ("Defendant" or "Sparta"), to Plaintiff
pursuant to a contract between the parties. Defendant, a Minnesota corporation based in
Minnesota, filed a motion to dismiss and removed the case to this Court. Defendant later filed a
motion to transfer to the District of Minnesota, as Defendant had filed a federal court lawsuit
against Plaintiff in Minnesota prior to the filing of the instant lawsuit. Plaintiff opposes these
motions, and filed its own motion to remand the instant case to Florida state court.

The contract between the parties required Rupari to purchase a certain amount of goods
from Sparta. See ¶ 4.2 of Agreement, Exhibit A to Petition for Removal [DE 1]. The parties
ended up in a dispute over the quality of the goods, and whether the goods sent by Sparta to



Rupari were in conformance of the agreement. Rupari refused to pay for non-conforming goods, and refused to order further goods.

The agreement contains a termination clause and a requirement to engage in alternative dispute resolution ("ADR") prior to initiation of any lawsuit. The termination clause allows termination after 30 days notice of the breach and failure to cure the defects in the notice. ¶ 10.1 of Agreement. If termination occurs prior to Rupari completing the required amount of purchases from Sparta, a liquidated damages provision provides for specified damages per unit not purchased for Sparta. ¶ 11.2 of Agreement.

The ADR clause provides that upon written notice of breach, the parties are to meet within 30 days after such notice to attempt to resolve the dispute. ¶ 13.2. The notice must designate a person with authority to settle the dispute. Within ten days of the notice, the opposing side must designate someone with authority to settle the dispute. A lawsuit may not be filed until 30 days after the initial meeting. Id. The contract did not contain a venue clause, but does state that the laws of Minnesota shall govern the dispute. ¶ 12.7.

In this case, on November 18, 1999, Sparta gave written notice of breach pursuant to the contract and written notice of a request to initiate the ADR provision. Exhibit B to Rupari's opposition to Motion to Dismiss. On November 24, 1999, Rupari designated its person with authority to settle the dispute. Exhibit C to Rupari's opposition to Motion to Dismiss. The parties agreed to meet on December 22, 1999. On December 21, 1999, Sparta wrote to Rupari to confirm that the meeting scheduled for December 22, 1999 would be postponed by mutually agreement to January 6, 2000. Exhibit D to Rupari's opposition to Motion to Dismiss. This same letter stated that Sparta was not waiving or extending any time limits in the Agreement, and that Sparta "will continue to take the steps necessary to enforce its rights under the Supply Agreement." Id. In a separate correspondence the same day, December 21, 1999, Sparta

2

terminated the Agreement, since Rupari had not cured the breaches noticed by Sparta on November 18, 1999. Exhibit E to Rupari's opposition to Motion to Dismiss. On December 22, 1999, Sparta filed suit in the District of Minnesota for breach of contract and unjust enrichment, seeking $133,000 in outstanding monies owed, and nearly $2 million for failure of Rupari to purchase the required amount of product from Sparta. On January 6, 2000, Rupari's counsel telephoned Sparta's counsel pursuant to the ADR meeting, but upon being asked if they intended to resolve the dispute, Sparta's representative reportedly stated that they would not resolve the matter that day. On January 10, 2000, Rupari filed this lawsuit in state court. On January 18, 2000, Rupari moved to dismiss the Minnesota lawsuit on the basis of lack of personal jurisdiction and lack of subject matter jurisdiction for failure to exhaust the contractual ADR remedies.

## II. DISCUSSION

### A. Motion to Dismiss

In its Motion to Dismiss, Defendant principally relies on the so-called "first-filed" rule, which in general means that the first case filed should be the one to proceed, or in the alternative, that the judge before whom the first case is assigned should decide whether the first case should be the one to proceed. Plaintiff, however, argues that the Minnesota court does not have personal jurisdiction or subject matter jurisdiction over the first-filed case, and the rule should not apply.

The exceptions to the first-filed rule occur when the first action is a declaratory judgment action and/or when the first action was filed in anticipation of litigation, that is, when the plaintiff in the first-filed action rushed to the courthouse ahead of the other party. Supreme International, Inc. v. Anheuser-Busch, Inc., 972 F.Supp. 604 (S.D.Fla.1997). Applying this test to the facts in this case, the Minnesota action is not a declaratory judgment action, but an action for damages. In addition, although Sparta may have rushed to the Minnesota court prior to

3

completion of the ADR process (an issue presented to the Minnesota court), there is no evidence that Rupari was considering its own lawsuit at that time. Thus, it does not appear that the Minnesota action was filed in anticipation of litigation by the opposing party.

However, Rupari does raise legitimate reasons why this case should not be immediately transferred to Minnesota, particularly since Rupari has challenged the jurisdiction of the Minnesota court over Rupari and has moved to remand this case as lacking the amount in controversy required for diversity jurisdiction. In addition, Rupari raises an issue of bad faith on the part of Sparta. Sparta let Rupari believe on December 21, 1999 that Sparta was prepared to go forward with ADR on January 6, 2000, yet Sparta filed an action in Minnesota federal court on December 22, 1999.[1] The issues of personal jurisdiction and subject matter jurisdiction are now before the District Court in Minnesota, while the issue pertaining to remand of this case is discussed below.[2]

Even if this Court would agree with the arguments of Plaintiffs that this case should not be transferred to Minnesota, this Court cannot mandate that the parties will only litigate in Florida. If this Court does not dismiss or stay this action, there is no guarantee that the Minnesota court would follow suit and dismiss the action filed by Sparta in Minnesota. The parties would then be left with the exact situation that the first-filed rule was designed to prevent -- lawsuits on identical issues proceeding simultaneously in separate courts. Supreme International, Inc., 972 F.Supp. at 606-607. Thus, this Court will deny Sparta's motion to dismiss without prejudice, however, with leave to renew if the Minnesota court denies Rupari's

---

[1] In Sparta's second letter of December 21, 1999, while it did reserve its rights, it did not specify that it would be filing a federal lawsuit in Minnesota the very next day.

[2] The Court understands that a hearing is scheduled in the Minnesota action for May 26, 2000.

4

motion to dismiss in the Minnesota action.

## B. Transfer of Venue

Sparta also moves in this case for transfer of venue to Minnesota, arguing that the instant action is properly brought as a counterclaim to the Minnesota action, and that transfer is warranted under 28 U.S.C. § 1404(a). Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In determining whether to transfer a case to another venue, courts generally rely on a number of factors including: (1) the plaintiff's choice of forum; (2) the convenience of the parties; (3) the convenience of the witnesses, and the availability of witnesses through compulsory process; (4) the location of documents and other sources of proof; (5) the relative ability of the parties to bear the expense of changing the forum; and (6) trial efficiency and expense to the justice system. See Gould v. National Life Ins. Co., 990 F. Supp. 1354, 1357-58 (M.D. Ala.1998) (citing cases). However, "[t]he plaintiff's choice of forum should not be disturbed unless it is clearly outweighed by other considerations." Robinson v. Giarmarco & Bill, P.C., 74 F.3d 253, 260 (11th Cir.1996) (quoting Howell v. Tanner, 650 F.2d 610, 616 (5th Cir. Unit B 1981), cert. denied, 456 U.S. 918 (1982)).

Applying this factors to this case, Plaintiff Rupari has chosen Florida as its forum. With respect to factors two, three, and four, since the witnesses and documents are likely to be exclusively from both parties in this contract action, the relative convenience between the two cancels out these three factors. There is no evidence as to factor five regarding the relative ability of the parties to litigate in Minnesota or Florida. As factor six, clearly the parties should only litigate in one forum. All in all, Sparta has not shown that the other factors clearly outweigh Plaintiff's choice of forum, pending a decision by the Minnesota court in the Minnesota action. If the parties are to litigate in Minnesota anyway, then transfer of this case would reduce trial

5

expenses and increase judicial efficiency by having all issues tried in the same court. Therefore the Court will deny the motion to transfer, without prejudice, however, with leave to renew if the Minnesota court denies Rupari's motion to dismiss in the Minnesota action.

## C. Motion for Remand

Plaintiff moves for remand on several grounds. First, Plaintiff argues that Sparta has failed to meet the notice requirements for removal contained in 28 U.S.C. § 1446(d), that Sparta has failed to meet its burden to show that the amount in controversy in this case is over $75,000, and that Sparta's proof of service failed to comply with Local Rule 5.2(A). Sparta responds that it did certify that it mailed a copy of the petition for removal, and, that Rupari cannot show prejudice since the Court sent an order to show cause within one week to Rupari and Sparta served a motion to transfer one week after removal. Sparta also argues that by looking at all the documents attached to the Notice of Removal, particularly the contract between the parties and Sparta's Minnesota complaint, Sparta has shown that the amount in controversy is over $75,000.

### 1. Amount in Controversy

A removing defendant has the burden of proving the existence of federal jurisdiction. In Tapscott v. MS Dealer Service Corp., the Eleventh Circuit held that "where a plaintiff has made an unspecified demand for damages in state court, a removing defendant must prove by a preponderance of the evidence that the amount in controversy more likely than not exceeds the $50,000 [now $75,000] jurisdictional limit." Tapscott, 77 F.3d 1353, 1356 (11th Cir. 1996).[3]

---

[3] The Court rejects Defendant's argument that Plaintiff bears any "legal certainty" burden regarding the amount in controversy under St. Paul's Indemnity Corp. v. Red Cab Co., 58 S.Ct. 586, 590 (1938) and Burns v. Windsor Insurance Co., 31 F.3d 1092 (11th Cir. 1994). However, the legal certainty analysis applies to cases wherein a defendant challenges an original federal court complaint brought by a plaintiff. In that setting, the defendant must show by a "legal certainty" that the plaintiff cannot bring a case that meets the jurisdictional limit. Sparta is really arguing that Rupari cannot show that Sparta's Minnesota action (a possible counterclaim in this case) is for less than $75,000. However, in this case, for purposes of the motion for

6

Sparta seeks to discharge this burden by having the court consider all controversies between the parties, and not just by the complaint filed in this case. In effect, Sparta is seeking this Court to take judicial notice of the amount in controversy in the Minnesota action involving claims that might become counterclaims in this action. The problem with this argument is that the Minnesota claims are not before this Court. The possibility that the Minnesota claims could be brought as counterclaims in this Court if the Minnesota court dismisses its case is too speculative to form the basis of a calculation of the amount in controversy at this point in this case. Moreover, Sparta cites to no authority to allow a federal court to include amounts in controversy in a defendant's counterclaim to allow removal of a case from state court, when the plaintiff's complaint may not meet the jurisdictional limit.[4]

Sparta also asks this Court to consider a telephone conversation between counsel in which counsel for Rupari allegedly stated to counsel for Sparta that Rupari was seeking millions of dollars in this lawsuit. There is a split of opinion as to whether this kind of pre-suit negotiation or puffery in the context of settlement negotiations can suffice to bring a case over the jurisdictional limit. While the Court may consider settlement or demand letters as "other paper" possibly allowing a removal, such oral statements made outside court cannot form the basis for removal. Golden v. Dodge-Markham Co., Inc.,1 F.Supp.2d 1360, 1365 (M.D.Fla. 1998) (cases cited therein).

The Court also rejects Defendant's argument that Plaintiff's refusal to stipulate that the

---

remand and the record at the time of removal, the Court adopts the Tapscott preponderance of evidence burden to apply to Sparta as the party seeking removal.

[4] The Court notes that Sparta could have avoided this problem by bringing its Minnesota lawsuit in Florida federal court, or by filing counterclaims in this case. However, this Court is not sure, and does not give an opinion, as to whether a defendant's counterclaims can form the basis for removal under 28 U.S.C. §1441 et seq.

7

amount in controversy is less than $75,000 is somehow evidence or an admission that the amount in controversy exceeds $75,000. *See* Golden,1 F.Supp.2d at 1365. Moreover, Florida law allows plaintiff to plead only that the amount in controversy is over $15,000, while Tapscott requires Defendant to bear the burden regarding the amount in controversy.

Given the Defendant's burden under Tapscott, federal courts' limited jurisdiction, and the equitable argument that Defendant could have filed its Minnesota claims in this Court in the first place, the Court will grant Plaintiff's motion for remand.[5]

### III. CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. Defendant's Motion to Dismiss [DE 1] is hereby **DENIED without prejudice** to renewal in state court if Rupari's Motion to Dismiss for lack of jurisdiction, filed in the District of Minnesota, is denied.

2. Defendant's Motion to Transfer [DE 3] is hereby **DENIED without prejudice** to renewal in state court if Rupari's Motion to Dismiss for lack of jurisdiction, filed in the District of Minnesota, is denied;

3. The parties' Joint Motion for Extension of Time [DE 15] is hereby **GRANTED**;

4. Plaintiff's Motion to Remand [DE 7] is hereby **GRANTED**;

5. This case shall be **REMANDED** to the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida, for lack of subject matter jurisdiction;

6. The Clerk of this Court is hereby directed to forward a certified copy of this Order to the Clerk of the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida,

---

[5] Given the failure of Defendant Sparta to meet its burden under Tapscott to sustain its removal of this case, the Court will not reach Plaintiff Rupari's other arguments in favor of remand concerning improper notice of the removal papers.

8

Case No. 00000393.

7. The Clerk of the Court shall close this case.

DONE AND SIGNED in Chambers at Fort Lauderdale, Broward County, Florida, this ____ day of May, 2000.

WILLIAM P. DIMITROULEAS
United States District Judge

Copies furnished to:

Arnold Schatzman, Esq.
Michael Rotunno, Esq.